Willie Lee **DIGBY**, Appellant,

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY,** Appellee.

No. 16159.

United States Court of Appeals Fifth Circuit.

Jan. 4, 1957.

John T. Gano, Fort Worth, Tex., Clint A. Barham, Dallas, Tex., for appellant.

Curtis White, Dallas, Tex., for appellee.

Before RIVES, TUTTLE and CAMERON, Circuit Judges.

TUTTLE, Circuit Judge.

This appeal from a judgment of the trial court dismissing appellant's suit under the Texas Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq., presents two questions: (1) Whether the alleged failure of the appellant to institute and *prosecute* his suit within twenty days would deprive the trial court of jurisdiction over the law-

suit, and (2) whether the evidence and affidavits furnished sufficient basis for the trial court's decision that there was a failure to prosecute the suit.

 If the motion to dismiss the suit on the ground that the Texas court from which it was removed to the federal district court did not acquire jurisdiction of the subject matter because of a failure to comply with the statutory requirements truly addressed itself to the lack of jurisdiction of the court, then that issue could properly be tried by the court without a jury. Hardin v. McAvoy, 5 Cir., 216 F.2d 399, 403.[1]

The suit was in the District Court by removal from the Texas state court. It had been filed by a workmen's compensation claimant who was not willing to abide by the final ruling of the Industrial Accident Board and had given due notice of such fact. Thereupon the following provision of the Texas statute became applicable:

"If any party to such final ruling and decision of the Board, after having given notice as above provided, fails within said twenty (20) days to institute and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto." Rev.Civ. Stat.Tex. art. 8307, § 5, Vernon's Ann.Civ.St. art. 8307, § 5.

The record discloses that the suit was filed in the State court on September 19, 1955, two days after the notice, but that citation thereon was not issued by the clerk of the district court of Dallas County until October 24, 1955. After removal to the federal court appellee filed its motion to dismiss, alleging a lack of jurisdiction by reason of the following circumstances: Upon the filing of the suit the clerk was instructed not to issue citation thereon; these instructions were changed on October 24th and citation issued. It is contended that such delay in "prosecuting the suit" for more than 20 days after giving notice deprived the

court of jurisdiction to entertain the action.

 Of course this motion is taken as an attack on the jurisdiction of the state court over the subject matter and not as an attack on the jurisdiction of the federal court as such since upon removal the federal court's jurisdiction over the subject matter is limited to that which could be acquired by the state court before removal.

Our determination whether this is a jurisdictional question or merely an attempt to interpose a plea of the statute of limitations must depend upon the Texas law, although appellant here seems not to question the assertion that compliance with the terms of the statute must be shown in order to confer jurisdiction on the trial court. Appellant says in his brief: "The question here presented to this Honorable Court is one of jurisdiction alone *and not limitation.*" To be absolutely certain that this was not an unintended concession by counsel we inspect the Texas cases cited by appellant to support his legal theory of the case. The decision cited immediately preceding the language quoted above is Maryland Casualty Co. v. Jones (Texas Commission of Appeals, opinion adopted by the Texas Supreme Court), 129 Tex. 392, 104 S.W. 2d 847, 849. The following passages are quoted from that case in appellant's brief here:

"Many cases involving the question of the *tolling of ordinary stat-*utes of limitation by the filing of a petition with direction to the clerk to withhold the issuance of citation are cited and relied upon. We do not find it necessary to consider or discuss these cases, because the question is not whether ordinary limitation statutes were tolled, but whether the court acquired any jurisdiction. * * *

"Of course, there must be a bona fide intention to prosecute the suit, which must be evidenced by acts of

1. Footnote 5 there quotes from Wetmore v. Rymer, 169 U.S. 115, 120, 121, 18 S. Ct. 293, 42 L.Ed. 682 and subsequent Supreme Court and other authorities.

the party filing same, an undisclosed intention not being sufficient.

"In the instant case it clearly cannot be held, as a matter of law, that the employee had no bona fide intention to prosecute his suit at the time he filed his petition."

We think it clear that the Texas decisions unvaryingly support this proposition. In Mingus v. Wadley, 285 S.W. 1084, at page 1087 the Supreme Court of Texas used the following language:

"The Workmen's Compensation Act having created the rights to be enforced and provided the remedy therefor, each step in the progress of the maturity of a claim from the time of the injury to its final adjudication is a mandatory requirement, necessary to the exercise of jurisdiction by the first and succeeding statutory agencies * * *."

Because of the important effect that a correct determination of the question of whether the challenge is really to the *jurisdiction* of the trial court has on the procedure of disposing of that challenge we have thus carefully examined the Texas decisions on this point notwithstanding the apparent concession by appellant himself.

■ We therefore conclude that if there was a failure to prosecute the suit within 20 days by the failure of the plaintiff to cause the citation to issue the trial court acquired no jurisdiction of the suit; further we hold that the trial court could determine the disputed fact issue as to whether the plaintiff did fail to prosecute timely upon affidavit or oral testimony and without a jury trial.

There remains the question whether there was sufficient evidence to support the finding of fact by the trial court that there was such failure to prosecute.

The sworn motion of the defendant alleged that the plaintiff had instructed the clerk not to issue citation when the suit was filed, and it is undisputed that none issued for 35 days after filing and that the clerk testified that he had been instructed not to issue it at the time the suit was filed. It was also testified to by the lawyer who had filed the suit, not counsel of record on this appeal, that he had filed several suits on September 19th, and that in one of them (which he did not identify) he had instructed the clerk not to issue the citation. On the hearing the court stated: "Either one of you can send me a statement of what the clerk's records show" (as to the cases filed by counsel on that particular day). Immediately thereafter, appellee submitted an affidavit by two deputy clerks to the effect that counsel had filed but one suit on the 19th and none on the previous or following days.

The legal test under the Texas cases, whether "prosecution" has proceeded within 20 days is not in issue. Both parties agree that the test is whether the suit is filed within 20 days "with the bona fide intent that citation shall issue and be served at once upon the defendants." This quotation comes from Ocean Accident & Guaranty Corp. v. May, Tex. Com.App., 15 S.W.2d 594, 597, which case is cited by both parties here as stating the law.

Appellant also cites Maryland Casualty Co. v. Jones, supra. In that case there was an immediate effort made to obtain a waiver of citation but a delay in causing the citation to issue which the court held to be sufficient compliance with the requirement. The court then repeated substantially the test of the Ocean Accident & Guaranty case, saying: "Of course, there must be a bona fide intention to prosecute the suit, which must be evidenced by acts of the party filing same." The court then added "an undisclosed intention not being sufficient."

■■ Here there was ample evidence that the lawyer, at the time of filing the suit, whether at the very moment he handed it to the clerk or simply before he left the clerk's presence, told him not to have citation issue. It is immaterial if, as appellant contends, the clerk testified that he was first told to issue and then not to do so, since he testified it was all at the time of filing. This evidence is ample to authorize the court to

resolve the issue against the appellant. In fact, in light of the undisputed testimony of the clerk and the testimony of the lawyer himself, a contrary holding by the trial court would be without substantial support. It being our function not to retry this issue on the facts, but only to determine whether the court's holding was clearly erroneous, we must affirm the judgment of the trial court.

CAMERON, Circuit Judge, concurs in the result.