**May ROBERTS et al., Appellants,**

v.

**OHIO CASUALTY INSURANCE COMPANY, Appellee.**

No. 16893.

United States Court of Appeals
Fifth Circuit.

June 3, 1958.

Rehearing Denied July 9, 1958.

---

James C. Brady, San Antonio, Tex., for appellants.

Jack Hebdon, Eskridge, Groce & Hebdon, San Antonio, Tex., for appellee.

Before JONES, BROWN, and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the Western District of Texas setting aside an award of the Industrial Accident Board of Texas. Jurisdiction is based on diversity of citizenship. 28 U.S.C.A. § 1332.

**I.**

Ohio Casualty Insurance Company, appellee, filed suit to set aside a ruling of the Industrial Accident Board. The ruling awarded death benefits to the minor children of Alonzo Roberts and funeral expenses to the decedent's mother. Roberts' former wife, Mrs. Helen Milliken, had filed the claim for compensation in behalf of the children but could assert no claim for herself because of being divorced from Roberts. Ohio Casualty's suit was filed against the claimants—the children and their grandmother.

The Board rendered its award October 11, 1955. October 25 Ohio Casualty gave notice to the Board that it intended to appeal. Suit was filed November 9, 1955, within the twenty-day period, as required by the Texas Workmen's Compensation Act. Summons was issued the day the suit was filed. Service of process was not made until January 19, 1956.

The Roberts children and their grandmother filed an answer and counterclaim to mature the award, on the theory that Ohio Casualty had not exercised reasonable care and diligence in obtaining service on the defendants, and therefore it had not prosecuted its suit in good faith within the time limit prescribed by statute. Ohio Casualty moved to dismiss the answer and counterclaim, supported by affidavits showing the United States Marshal's difficulties in locating the defendants, and showing also that the attorneys for Ohio Casualty had been active in attempting to have defendants served. No counter affidavits were filed. The only facts before the trial judge on appellee's motion were that suit was filed in time, the summons was issued immediately, and service was delayed because of circumstances beyond the control of Ohio Casualty. The trial court dismissed the Roberts' answer and counterclaim, in effect granting Ohio Casualty a summary judgment under Rules 12(b) and 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

On the trial of the case, one issue was submitted to the jury: was Alonzo within the scope of his employment at the time of the accident? The jury answered, No. The district court then granted judgment for Ohio Casualty, setting aside the Board's award.

A week later, the mother of the children, as "Next Friend", filed a motion to

set aside the judgment on the ground that the court had not appointed a guardian ad litem to represent the minors. The district court overruled the motion. The Roberts children appeal from the order overruling this motion and from the judgment setting aside the award of the Industrial Accident Board.

The appeal presents two questions: (1) Did Ohio Casualty *"prosecute"* its suit within the twenty-day limitation prescribed by the Texas Workmen's Compensation Law? (2) Was it reversible error for the trial judge not to appoint a guardian ad litem under the circumstances of this case?

### II.

The Texas Workmen's Compensation Law, Vernon's Texas Civil Statutes, Article 8307, Section 5 provides:

"Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall, within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice *bring suit* in the county where the injury occurred to set aside said final ruling and decision, \* \* \* If any party to such final ruling and decision of the Board, after having given notice as above provided, fails within said twenty (20) days to *institute and prosecute* a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto; \* \* \*"

■ Litigants cannot trifle with Article 8307, Section 5. It goes beyond the ordinary statute of limitations. Its requirements are jurisdictional. Digby v. U. S. Fidelity & Guaranty Co., 5 Cir., 1957, 239 F.2d 569; Pappas v. Royal Indemnity Co., 5 Cir., 1958, 251 F.2d 439; Mingus v. Wadley, 1936, 115 Tex. 551, 285 S.W. 1084.

■ Under the Texas cases, the test of prosecution is "a bona fide intention

to prosecute the suit, which must be evidenced by acts of the party filing same, an undisclosed intention not being sufficient". Maryland Casualty v. Jones, Tex. Civ.App.1934, 73 S.W.2d 668; adopted by Tex.Sup.Ct., 129 Tex. 392, 104 S.W. 2d 847, 849. Similarly, in Ocean Accident & Guaranty Corp. v. May, Tex.Com. App.1929, 15 S.W.2d 594, 597, the Court said: "The filing of the petition with the clerk of the proper court, with the bona fide intention that process shall be issued and served at once, is all that is necessary to comply with the statute."

■ In our opinion, there is no doubt as to Ohio Casualty's bona fide intention to prosecute. At the time suit was filed, Frank Christian, the attorney who filed the suit, went to the Marshal's office, gave the names and addresses of the defendants, and asked that summons be served promptly. A Deputy Marshal made four attempts to serve defendants up to December 13, 1955. After an investigation, Mr. Christian learned that the Roberts had left San Antonio and were living in Corpus Christi. He relayed this information to the Marshal's office and, after a short delay, the Roberts were served. We agree with the trial judge that, as a matter of law, Ohio Casualty instituted and prosecuted its suit timely, diligently, and in good faith.

■ There was no real issue of fact as to Ohio Casualty's good faith prosecution of the suit. If there had been, however, under Digby v. U. S. Fidelity & Guaranty Co., 5 Cir., 1957, 239 F.2d 569, 571, "the trial court could determine the disputed fact issue as to whether the plaintiff did fail to prosecute timely upon affidavit or oral testimony and without a jury trial". See, also, Traders & General Ins. Co. v. Spillers, Tex.Civ.App.1935, 88 S.W.2d 738.

### III.

■ The appointment of a guardian ad litem is a procedural question controlled by Rule 17(c) of the Federal Rules of Civil Procedure. 3 Moore's Federal Practice, Section 17.26, p. 1417;

Travelers Indemnity Co. v. Bengston, 5 Cir., 1956, 231 F.2d 263; Fallot v. Gouran, 3 Cir., 1955, 220 F.2d 325.

Rule 17(c) provides in part:

"The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person."

Rule 17(c) does not make the appointment of a guardian ad litem mandatory. If the court feels that the infant's interests are otherwise adequately represented and protected, a guardian ad litem need not be appointed. Wescott v. United States Fidelity & Guaranty Co., 4 Cir., 1946, 158 F.2d 20. But the rule does not mean that a trial judge may ignore or overlook such a fundamental requirement for the protection of infants. We spell out the rule to mean: (1) as a matter of proper procedure, the court should usually appoint a guardian ad litem; (2) but the Court may, after weighing all the circumstances, issue such order as will protect the minor in lieu of appointment of a guardian ad litem; (3) and may even decide that such appointment is unnecessary, though only after the Court has considered the matter and made a judicial determination that the infant is protected without a guardian. In Till v. Hartford Accident & Indemnity Co., 10 Cir., 1941, 124 F.2d 405, the Court found that a guardian ad litem was not necessary only because the infant was represented through a next friend, the alter ego of a guardian ad litem. In Zaro v. Strauss, 5 Cir., 1948, 167 F.2d 218, this Court held that an attorney's representation of an incompetent was insufficient to satisfy the requirements of Rule 17(c).

The record in this case shows that no one gave a thought to the appointment of a guardian ad litem until after judgment was rendered below. Apparently it was an oversight. We believe that the discretion lodged in the trial judge in Rule 17(c) was not intended to apply to such a situation. The orderly administration of justice and the procedural protection of minors requires the trial judge to give due consideration to the propriety of an infant's representation by a guardian ad litem before he may dispense with the necessity of appointing the guardian.

The judgment is reversed and remanded for further proceedings not inconsistent with this opinion.