**UNITED STATES of America,**
**Plaintiff,**

v.

**Louis NOBLE, Thomasenia Noble, Patricia Noble, Gloria Noble, Louis Noble, Jr., Metropolitan Life Insurance Company and Columbian Mutual Life Insurance Company, Defendants.**

**No. 65 Civ. 1226.**

United States District Court
E. D. New York.

June 9, 1967.

Joseph P. Hoey, U. S. Atty. for the Eastern District of New York, for plaintiff, Steve C. Arniotes, Asst. U. S. Atty., of counsel.

---

## OPINION AND ORDER

WEINSTEIN, District Judge.

This is an action by the United States, pursuant to sections 7401, 7402 and 7403 of the Internal Revenue Code (26 U.S.C. secs. 7401–7403), to foreclose Federal tax liens against the cash surrender value ($954.51 as of the date of levy) of life insurance policies owned by defendants Louis Noble and his wife, Thomasenia Noble. The infant defendants, Patricia, Gloria and Louis, Jr.—children of the Nobles—are joined because on "information and belief [they] claim or may claim some interest in the life insurance policies."

Although all defendants were duly served on November 8, 1966, only an insurance company has appeared. Neither a natural guardian nor other representative has appeared for the infant defendants. The United States now moves, pursuant to subdivision (c) of Rule 17 of the Federal Rules of Civil Procedure, that a "competent and responsible person be appointed guardian ad litem to appear and defend this action on behalf of the infant defendants."

Insofar as relevant, Rule 17 provides:

"(c) Infants or Incompetent Persons. * * * The court shall appoint a guardian ad litem for an infant * * * not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant * * *."

The rule does not require that an independent guardian ad litem be appointed in all cases in which an infant is party to a suit. See Roberts v. Ohio Casualty Insurance Co., 256 F.2d 35, 39, 68 A.L.R.2d 747 (5th Cir. 1958) (court should usually appoint guardian ad litem, but may, after weighing all circumstances, issue such other order as will protect minor or may even decide that such appointment is unnecessary); Till v. Hartford Accident and Indemnity Co., 124 F.2d 405 (10th Cir. 1941) (next friends although not formally appointed guardians ad litem did everything for minors they could have done if so appointed); Westcott v. United States Fidelity and Casualty Co., 158 F.2d 20 (4th Cir. 1946) (able lawyer represented minor).

■■ Every effort should be made by the District Courts of the United States to reduce costs by avoiding the appointment of independent guardians unless there is a substantial probability of a conflict of interest and need for protection. It is also the policy of the State of New York, as embodied in Article 12 of the Civil Practice Law and Rules, to avoid unnecessary appointments of guardians; New York seeks to accomplish this result in part by encouraging parents to act as guardians ad litem. See 2 N.Y.Adv.Comm.Rep., Leg.Doc. (1958) No. 13, p. 373 ("In many cases the interests of the infant can be adequately protected by such representation [of parent] and the expense of a guardian ad litem be saved"). This Court is permitted by Rule 17 to rely upon a fundamental assumption on which our society rests, that parents are concerned about the welfare of their children.

Both Federal and New York State policies with respect to guardians ad litem of infants are in accord. The more detailed New York practice is useful in filling in the detail of Federal policy. See, e. g., O'Rourke et al v. Merry Queen Transfer Corp., 269 F.Supp. 812 (E.D.N.Y.1967). Cf. Rule 21, General Rules of United States District Courts for the Southern and Eastern Districts of New York (proceedings upon an application to settle or compromise an action by or on behalf of infant "shall conform, as nearly as may be, to the New York State statutes and rules").

■ There is no indication in this case that the life insurance policies involved represent anything other than the normal precaution taken by parents to minimize the effect of untimely death upon their families. The same strong motive that would lead a parent to insure his life in favor of a child would make it unlikely that there would be a conflict of interest in protecting the child's interest. Indeed, experience would suggest that a parent who has paid the premiums to protect a child would be at least as interested as any court-appointed guardian in taking every possible precaution to protect the child. The normal concern of a debtor to avoid losing his assets is added to that of a parent for his offspring.

While the father has defaulted, service of an order appointing him guardian ad litem, in effect, gives him the opportunity to appear and oppose on behalf of his children. He may not take advantage of this second chance since he may well conclude that no substantial interest of the children will be protected by further proceedings in this litigation.

Accordingly, Louis Noble is appointed guardian ad litem of Patricia Noble, Gloria Noble and Louis Noble, Jr. If he does not consent to act as guardian ad litem by filing a consent with the Clerk of this Court on or before June 30, 1967, a default judgment may be entered against Patricia Noble, Gloria Noble and Louis Noble, Jr. The United States Attorney is ordered to serve a copy of this opinion and order on Louis Noble on or before June 14, 1967, by mail.

So ordered.