**Cecile Janet LEEPER, Plaintiff,**

v.

**Leola Cox PENNINGTON,**
**Defendant.**

**No. CIV-2-74-39.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Feb. 20, 1975.

Shelburne Ferguson, Jr., Kingsport, Tenn., for plaintiff.

Carleton W. Smith, Greeneville, Tenn., for defendant.

## MEMORANDUM AND ORDER

NEESE, District Judge.

This action was commenced on March 29, 1974. It came to issue on July 5, 1974. A pretrial conference was held herein on September 25, 1974. Thereat, trial was assigned to commence on January 2, 1975. A continuance thereof was granted on December 27, 1974 on the application of the defendant, upon a showing that she was physically unable to attend a trial, and reassigned for trial to commence February 21, 1975.

On February 14, 1975, the defendant moved for a further postponement for an indefinite period of the trial because of the poor health of the defendant. It is represented by her counsel that the defendant is the only witness in her behalf as to the factual situation involved in this lawsuit. Such motion was supported by certificates of two physicians. One such physician stated his opinion that the attendance of the defendant at a trial might prove fatal, and the other physician opined that the defendant's physical and mental condition will not improve. It is not made to appear whether the defendant is incompetent in the legal sense of that term.

 The purpose of a continuance granted on the ground of the ill health of a party is to postpone the proceedings to a later date when the party will be in a better condition to present his case. Delay is customarily refused unless there is a reasonable likelihood that this purpose will be served by the improvement of that party's health. Errion v. Connell, C.A. 9th (1956), 236 F.2d 447, 457[11]; see also Anno.: Continuance–Party–Illness or Death, 68 A.L.R. (2d) 498, § 7. Such does not appear to be in prospect here.

Nonetheless, this Court hereby continues this action until Wednesday, May 21, 1975 at nine o'clock in the forenoon.

In the intervening period, counsel will be diligent to prepare this action for trial at the newly assigned time. It is noted that counsel were of the opinion at the pretrial conference that the chances of settlement prior to trial were good. This possibility should be explored thoroughly and immediately. It is noted also that the defendant answered somewhat extensively interrogatories served upon her by the plaintiff. Counsel for the defendant will show within 20 days herefrom any degree to which such answers would fail to overcome the defendant's disadvantage by being unable to give material testimony on the trial. See Anno:, *supra,* at 482, § 4[a]. Counsel for the defendant will further show within 30 days herefrom why a pretrial determination should not be made by the Court as to the competency of the defendant and, if incompetency is determined, to appoint a guardian ad litem or take other measures to insure that the defendant's interests are protected. Rule 17(c), Federal Rules of Civil Procedure; Roberts v. Ohio Casualty Insurance Company, C.A. 5th (1958), 256 F.2d 35, 38–39[5–7].