**SEIBELS, BRUCE & COMPANY, as Managing General Agent of Generali U.S. Branch, Plaintiff,**

v.

**Joseph J. NICKE, Barbara M. Nicke, Joseph G. Nicke, Thomas Jaskolski, Sheila Jaskolski, Emily A. Jaskolski, Allison Jaskolski, Thomas J. McCrystle, Sandra McCrystle, Megan McCrystle, Kevin McCrystle, Elinor S. Wiley, Dianna W. Hubbard, Lauren F. Hubbard, Ashley A. Hubbard, Byron Winters, David Libow, Angela M. Libow, Jennifer M. Libow and Gregory S. Libow, Defendants.**

No. 2:95CV00723.

United States District Court,
M.D. North Carolina,
Greensboro Division.

May 13, 1996.

James Donald Cowan, Jr., Richard A. Coughlin, Smith Helms Mulliss & Moore, Greensboro, NC, for Seibels, Bruce & Company.

Kenneth L. Jones, Carruthers & Roth, P.A., Greensboro, NC, for Joseph J. Nicke, Barbara M. Nicke and Joseph G. Nicke.

George W. (Trey) Aycock, III, Floyd, Allen and Jacobs, Greensboro, NC, Gary M. Lang, Feldstein Grinberg Stein & McKee, Pittsburgh, PA, for Sheila Jaskolski, Emily A. Jaskolski, Amy Jaskolski and Allison Jaskolski.

Thomas J. McCrystle, Charlotte, NC, pro se.

Sandra McCrystle, Charlotte, NC, pro se.

Megan McCrystle, Charlotte, NC, pro se.

Kevin McCrystle, Charlotte, NC, pro se.

Elinor S. Wiley, Charlotte, NC, pro se.

Leah M. Broker, Law Offices of David Gantt, Asheville, NC, for David Libow, Angela M. Libow, Jennifer M. Libow and Gregory S. Libow.

### ORDER

ELIASON, United States Magistrate Judge.

This matter comes before the Court on plaintiff's suggestion that the Court appoint one or more guardians ad litem for several of the minor defendants. Plaintiff, an insurer, filed this interpleader action naming as defendants passengers in a vehicle which was insured by it and which overturned on or about July 29, 1994. Many of these defendants are minors. Not all of them have filed an answer.

---

1. The Court considers appointing a guardian ad litem rather than a next of friend in this case because the minors are formally defendants, even though they seek a portion of the interpleader fund. As the Court in *Adelman on Behalf of Adelman v. Graves,* 747 F.2d 986, 988 n. 4 (5th Cir.1984), pointed out:

 Technically, an incompetent plaintiff sues by a "next friend," while an incompetent defendant defends by a "guardian ad litem," but the duties and powers of the representative are identical regardless of which title is applied. *Dacanay v. Mendoza,* 573 F.2d 1075, 1076 n. 1 (9th Cir.1978).

2. Fed.R.Civ.P. 17(c) reads:

Plaintiff states that the minors Amy Jaskolski, Allison Jaskolski, Megan McCrystle, Kevin McCrystle, Byron Winters, Lauren F. Hubbard, and Ashley Hubbard have not answered nor has anyone filed an appearance on their behalf. (After the motion was filed, Megan McCrystle and Kevin McCrystle filed an answer.)

 Plaintiff has not cited under what authority this Court should appoint a guardian ad litem for the minors.[1] Presumably, the authority comes from Fed.R.Civ.P. 17(c)[2] which provides in pertinent part: "The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person." These provisions permit, but do not compel, a court to appoint a guardian ad litem for an unrepresented minor. 6A Charles A. Wright, Arthur R. Miller, and Mary K. Kane, *Federal Practice and Procedure* § 1569 (1990 ed.) However, once the matter has been brought to the Court's attention, it is required to consider and decide the issue. As the court in *Roberts v. Ohio Cas. Ins. Co.,* 256 F.2d 35, 39 (5th Cir.1958), stated:

We spell out the rule to mean: (1) as a matter of proper procedure, the court should usually appoint a guardian ad litem; (2) but the Court may, after weighing all the circumstances, issue such order as will protect the minor in lieu of appointment of a guardian ad litem; (3) and may even decide that such appointment is unnecessary, though only after the Court has considered the matter and made a judicial determination that the infant is protected without a guardian.

**Infants or Incompetent Persons.** Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. An infant or incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person.

*See Adelman on Behalf of Adelman v. Graves*, 747 F.2d 986 (5th Cir.1984) (court need not appoint a guardian ad litem but must exercise its discretion), and *Noe v. True*, 507 F.2d 9, 12 (6th Cir.1974). Plaintiff does not identify any factors which would be pertinent for consideration in making such an appointment or appointments in this case.

■ The Court's own examination of the file discloses facts which call into question whether a guardian ad litem needs to be appointed for each of the different minors who have failed to answer. With respect to Amy and Allison Jaskolski, they were served by the summons and complaint being handed to Sheila Jaskolski, the wife of Thomas Jaskolski and the mother of Amy, Emily and Allison Jaskolski. As it turns out, Sheila and Emily Jaskolski filed an answer to the complaint and are represented by an attorney. Sheila Jaskolski is acting as the representative of Emily Jaskolski.

■ In an instance where the complaint or claim has been served on the parent of a minor, and there is no indication that the parent would not or could not represent the minor's interest, courts are not required to appoint a guardian ad litem to represent the minor even if the claim be lost by default. *In the Matter of Chicago, Rock Island and Pacific R. Co.*, 788 F.2d 1280 (7th Cir.1986) (proof of claim served on mother, but no claim filed on behalf of minor). There may well be solid reasons why the parent does not file an answer on the minor's behalf. *U.S. v. Noble*, 269 F.Supp. 814 (E.D.N.Y.1967). Nothing else appearing,[3] it may be presumed

that a parent acts in the best interest of the child. *Id.* Permitting the parent to act as a guardian saves the expense of appointing a guardian which is also an important policy consideration. *Id.* This is especially true in an interpleader case such as the instant one where there is a small interpleader fund and many claimants and the possibility of appointing numerous guardians ad litem.[4] Furthermore, a federal court should, as a matter of sound policy, be cautious in attempting to step between the parent and his or her child. *Id.* And, as a practical matter, the Court may have a very limited ability to do so especially if the minors will not be made available to the guardian and/or reside out of state.

■ It is a different matter when one of the parents is a plaintiff in the action. *Croce v. Bromley Corp.*, 623 F.2d 1084 (5th Cir. 1980), *cert. denied*, 450 U.S. 981, 101 S.Ct. 1516, 67 L.Ed.2d 816 (1981). In this situation, the Court has the ability to obtain facts and make a determination as to whether the appointment of a guardian ad litem is necessary. And, the Court can procure contact with the child for the guardian. Finally, the fact that the parent and child were involved in the accident but only the parent is a party in the lawsuit raises questions about a conflict of interest between the parent and child.[5] The Court must then examine the matter. That is the situation which presents itself to the Court with respect to Amy and Allison Jaskolski.

It is unclear why the Court should permit Sheila Jaskolski to represent the interests of

---

**3.** In *Metropolitan Life Ins. Co. v. Harris*, 446 F.Supp. 936 (E.D.Wis.1978), the court, in an interpleader action, appointed a guardian ad litem for two minors who were served but had not filed an answer. However, there was also a present indication of their interest in the fund because they had filed a claim for the insurance proceeds with the insurer. These additional facts do not appear in the instant case.

**4.** The Court needs to proceed with some caution because the appointment of both a guardian ad litem and an attorney to help the guardian can dramatically increase costs and diminish the recovery to all others. *Geddes v. Cessna Aircraft Company*, 881 F.Supp. 94, 100 (E.D.N.Y.1995); *U.S. v. Noble*, 269 F.Supp. 814 (E.D.N.Y.1967). Some courts have held that an attorney's representation is not sufficient to also serve the purpose of a guardian ad litem. *Roberts v. Ohio Cas.*

*Ins. Co.*, 256 F.2d 35, 39 (5th Cir.1958) (citing *Zaro v. Strauss*, 167 F.2d 218 (5th Cir.1948)). Should this course of action be taken in this case, the costs will increase dramatically and there could be little of the $50,000.00 interpleader fund for the injured parties. Other courts have permitted combined representation. *Ruppert v. Secretary of U.S. Dept. of Health and Human Services*, 671 F.Supp. 151, 172 (E.D.N.Y.1987), *aff'd in part and rev'd in part*, 871 F.2d 1172 (2d Cir.1989); *T H v. Jones*, 425 F.Supp. 873, 876 (D.Utah 1975) (minor seeking declaratory and injunctive, not monetary, relief).

**5.** The Court must be on the watch for conflicts of interest between the parent and child or between the children. *Adelman on Behalf of Adelman v. Graves*, 747 F.2d 986 (parents mere allegation of conflict of interest between child and temporary

one daughter but let her forfeit the interests with respect to the other daughters. She herself has not provided the Court with any explanation as to why she is willing to let her daughters Amy and Allison proceed on their own. Nor is it clear why the father is not acting on behalf of Amy and Allison. Therefore, the Court will require Sheila Jaskolski to show cause why she should not represent or obtain representation for her other daughters (Amy and Allison).

■ The problem with respect to Byron Winters is that he was not properly served with process. Rule 4(g) of the Federal Rules of Civil Procedure governs service on a minor.[6] It provides for service under the state law of the place of service. Here, that place was in Indiana. Indiana requires service on a custodial parent and the minor if fourteen years of age or older.[7] The return of service by the Marion County Sheriff of Indiana shows that the complaint was served by leaving it at Byron Winters' last and usual place of residence and mailing a copy to said address. The address of service was listed as 4119 Langwood Court, Indianapolis, Indiana 46268. Service was made in November 1995. There is no showing that service was made on a parent of Byron Winters or that the other exceptions of Indiana Trial Rule 4.2 were met. Consequently, the service of process was defective. Plaintiff will, therefore, have to re-serve Byron Winters.

■ The return of summons with respect to Ashley and Lauren Hubbard shows that they were served by service on their mother, Dianna W. Hubbard. Dianna Hubbard was also served in her own right as well. No response has been made for either. As stated previously, nothing else appearing, the Court can presume that the parent will look after the interests of her child. The parent may not have filed a response because she and the children did not suffer any injury and the parent does not wish to submit to the inconvenience and expense of pointless litigation in a distant forum.

Should the nature of the case raise questions about whether the parent is competently looking after the interest of a minor, the Court can appoint a temporary guardian to see whether the minor has an interest in the litigation which needs protection and whether the parent will both cooperate and provide access to the minor. The age of the minor and the nature of the controversy will certainly have a substantial impact on the Court's decision.

While it does not appear at the moment that it will be necessary to appoint a guardian ad litem for anyone, the Court will abstain from ultimately deciding the issue until the Winters and Jaskolski matters have been resolved. At that time, the Court may, if additional facts warrant, also consider appointing a guardian ad litem on a temporary basis for the limited purpose of determining the minors' potential stake in the interpleader fund and the feasibility of their participation in this matter. The plaintiff and the

guardian enough to trigger duty of inquiry); and *Geddes v. Cessna Aircraft Co.*, 881 F.Supp. 94 (court appoints guardian ad litem over parents' objection).

6. Fed.R.Civ.P. 4(g):

**Service Upon Infants and Incompetent Persons.** Service upon an infant or an incompetent person in a judicial district of the United States shall be effected in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state. Service upon an infant or an incompetent person in a place not within any judicial district of the United States shall be effected in the manner prescribed by paragraph (2)(A) or (2)(B) of subdivision (f) or by such means as the court may direct.

7. **Trial Rule 4.2 Summons: Service Upon Infant or Incompetents.**

(A) Service upon infants. Service upon an individual known to be an infant shall be made upon his next friend or guardian ad litem, if service is with respect to the same action in which the infant is so represented. If there is no next friend or guardian ad litem, service shall be made upon his court-appointed representative if one is known and can be served within this state. If there is no court-appointed representative, service shall be made upon either parent known to have custody of the infant, or if there is no parent, upon a person known to be standing in the position of custodian or parent. The infant shall also be served if he is fourteen [14] years of age or older. In the event that service, as provided above, is not possible, service shall be made on the infant. Indiana Rules of Trial Procedure.

other parties are directed to provide any pertinent information they have to the Court.

**IT IS THEREFORE ORDERED** that the Court reserves ruling at this time on plaintiff's suggestion that the Court appoint guardians as litem for several of the minor defendants until such time as the following orders have been complied with.

**IT IS FURTHER ORDERED** that plaintiff shall immediately initiate new service of process as to Byron Winters and assure that service is properly made under State law. Plaintiff shall notify the Court and file the return of summons when Byron Winters has been re-served.

**IT IS FURTHER ORDERED** that defendant Sheila Jaskolski shall show cause within twenty days of the entry of this Order why she should not represent the interests of Amy and Allison Jaskolski or should not procure someone to represent those interests.

May 13, 1996