IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-30025

CARLOS R. POREE,

Plaintiff - Appellant,

versus

RICHARD J. MORGANTE,

Defendant -

Appellee,

and

UNITED STATES OF AMERICA, on behalf of defendant
Richard Morgante,

Appellee.

Appeals from the United States District Court
for the Eastern District of Louisiana
(00-CV-1348)

October 1, 2002

Before GARWOOD and CLEMENT, Circuit Judges, and RESTANI, Judge.[*]

_____

[*]Judge of the U.S. Court of International Trade, sitting by designation.

1

PER CURIAM:[**]

Appellant filed a pro se complaint in federal district court seeking reinstatement to his position with the Internal Revenue Service. The district court dismissed the action for failure to state a claim because (1) appellant, a paranoid schizophrenic, lacked capacity to sue; and (2) appellant failed to exhaust his administrative remedies. We conclude that the district court erred in failing to make factual findings, under Federal Rule of Civil Procedure 17(c), as to whether appellant required the assistance of a guardian ad litem. We reverse and remand.

## I. FACTS AND PROCEEDINGS

Carlos Poree worked as an IRS revenue agent from July 1967 until he was fired in December 1976. Eleven months later, Poree went on a shooting spree in New Orleans, killing one person and injuring nine others. A Louisiana jury rejected Poree's insanity defense and convicted him of first-degree murder.

In 1999, a federal district court granted Poree's application for a writ of habeas corpus and vacated his conviction and sentence. The court ordered the state to accept Poree's plea of not guilty by reason of insanity, and he has been committed to a Louisiana institution since then.

Poree filed the present action in June 2000 against the United States and Richard Morgante, the former director of the New Orleans District Office of the IRS, seeking (1) reinstatement with the IRS; (2) back pay for the period between his discharge in 1976 and when he was found not guilty by reason of insanity in 1999; and (3) that he be placed on disability until he is declared sane again.

Adopting the magistrate's report, the district court dismissed the action with prejudice because

[**]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Poree, a paranoid schizophrenic, lacked capacity to sue under Federal Rule of Civil Procedure 17[1] and because he failed to exhaust his administrative remedies under the Civil Service Reform Act. *See* 5 U.S.C. § 7513(d) (providing for appeal of employment action to the Merit Systems Protection Board); § 7703 (providing for judicial review of MSPB final orders).

## II. ANALYSIS

On appeal, Poree concedes that he lacks capacity to sue, but argues that the action should be dismissed *without* prejudice, so that he may sue when he regains his sanity. The government agrees that the lawsuit should have been dismissed without prejudice. We agree with both parties that it was error to dismiss the lawsuit with prejudice. *See Johns v. County of San Diego*, 114 F.3d 874, 878 (9th Cir. 1997) (minor's lawsuit should be dismissed under Rule 17 *without* prejudice so that he may sue when he reaches the age of majority).

The government argues that we should still affirm the dismissal, but modify the judgment to be without prejudice. However, because we conclude that the district court failed to comply with Federal Rule of Civil Procedure 17(c), we reverse and remand.

Rule 17(c) says that the "court *shall* appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or *shall* make such other order as it deems proper for the protection of the infant or incompetent person." FED. R. CIV. PROC. 17(c) (emphasis added). In a case involving an infant, we explained that

> Rule 17(c) does not make the appointment of a guardian ad litem mandatory. If the court feels that the infant's interests are otherwise adequately represented and protected, a guardian ad litem need not be appointed. But the rule does not mean that a trial judge may ignore or

---

[1]Capacity to sue is determined by the law of the district court's state, *see* FED. R. CIV. P. 17(b), and "mental incompetent[s]" lack capacity to sue in Louisiana. LA. CODE CIV. PROC. art. 684 (1999).

overlook such a fundamental requirement for the protection of infants. We spell out the rule to mean: (1) as a matter of proper procedure, the court should usually appoint a guardian ad litem; (2) but the Court may, after weighing all the circumstances, issue such order as will protect the minor in lieu of appointment of a guardian ad litem; (3) and may even decide that such appointment is unnecessary, though only after the Court has considered the matter and made a judicial determination that the infant is protected without a guardian.

*Roberts v. Ohio Casualty Ins. Co.*, 256 F.2d 35, 39 (5th Cir. 1958). In *Adelman v. Graves*, we held that the *Roberts* "approach is equally valid when determining the need for representation of an incompetent person." 747 F.2d 986, 989 (5th Cir. 1984).

The district court failed to consider the possibility of appointing a guardian ad litem for Poree. Before the district court reaches the merits of his claims, it should make a judicial determination as to whether his interests have been "adequately represented," 256 F.2d at 39, or whether a guardian ad litem should be appointed. Unless a guardian is appointed, or Poree otherwise gains capacity to sue, the suit should not be dismissed with prejudice.

## III. CONCLUSION

The judgment of the district court is reversed and the case is remanded for further proceedings.

4