FILED
United States Court of Appeals
Tenth Circuit

February 15, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANGELA KILE, et al.,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant - Appellee,

and

COMPHEALTH, INC., a Delaware
corporation formerly known as C.H.S., Inc,
et al.,

    Defendants.

------------------------------

BARBARA LEMMINGS, et al.,

    Movants - Appellants.

No. 18-7004
(D.C. No. 6:00-CV-00404-KEW)
(E.D. Okla.)

_____

**ORDER**
_____

Before **McHUGH**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

On February 13, 2019, the United States filed a letter notifying the court of a

typographical error contained in the Opinion filed on February 11, 2019. Via this order,

we now direct the Clerk to correct the error and to reissue the decision *nunc pro tunc* to

the original filing date. A copy of the corrected Opinion is attached to this order and shall

be filed forthwith.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 11, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANGELA KILE; JODY LEMMINGS,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant - Appellee,

and

COMPHEALTH, INC., a Delaware
corporation formerly known as C.H.S., Inc;
COMPHEALTH MEDICAL STAFFING,
INC., a Delaware corporation; ROMULO
G. PEREZ,

    Defendants.

----------------------------

BARBARA LEMMINGS; ORAN
HURLEY, JR.,

    Movants - Appellants.
_____

No. 18-7004

_____

**Appeal from the United States District Court**
**for the Eastern District of Oklahoma**
**(D.C. No. 6:00-CV-00404-KEW)**
_____

George W. Braly, Braly, Braly, Speed & Morris, PLLC, Ada, Oklahoma, appearing for
Appellants Barbara Lemmings and Oran Hurley, Jr.

Elliott M. Davis, Trial Attorney, United States Department of Justice, Washington D.C. (Susan Stidham Brandon, Assistant United States Attorney, United States Attorney's Office, Muskogee, OK, with him on the brief), appearing for Appellee United States of America.

_____

Before **McHUGH**, **MURPHY**, and **CARSON**, Circuit Judges.

_____

**CARSON**, Circuit Judge.

_____

Federal Rule of Civil Procedure 17 controls when a district court must appoint a guardian ad litem for a minor settling claims with a defendant. The plain language of the Rule is clear: a district court is not required to appoint a guardian ad litem every time it considers the fairness of a settlement. Rather, a district court need only appoint a guardian ad litem where the minor is not otherwise represented by a general guardian or other appropriate person. We thus reject Appellants Barbara Lemmings and Oran Hurley, Jr.'s contention that the rule requires the formal appointment of a guardian ad litem whenever a parent and child settle their claims with a defendant. We further reject the contention that an inherent conflict of interest always exists where a minor is represented by a parent who is a party to the same lawsuit as the minor.

I.

Plaintiff Millard Lance Lemmings ("Lance") was born at a government-operated hospital in Ada, Oklahoma. During his birth, Lance suffered a brain injury. He cannot speak, walk, or care for himself. Lance and his parents, suing as "parents and next friends," filed this civil action against Defendants on August 8, 2000.

2

Plaintiffs alleged that Defendants committed medical malpractice during Lance's birth and sued under the Federal Tort Claims Act.

The parties settled the case on September 28, 2001. Lance's parents were simultaneously engaged in a state court proceeding regarding guardianship of Lance. On the morning of October 25, 2001, Lance's parents filed an application for an order approving the agreed settlement, attorneys' fees, and litigation costs in the state court action. The state district court appointed Lance's parents as the guardians of Lance's estate. Following that court order, Lance's parents withdrew their state court application for an order approving the settlement. Later that day, Lance's parents appeared before the federal district court for a fairness hearing regarding the settlement. Lance's parents represented him at the fairness hearing. The district court did not appoint a guardian ad litem.

At the fairness hearing, Plaintiffs' counsel recited the terms of the settlement into the record in detail. The parties settled the matter for $5,000,000.00. Of that amount, the United States paid $1,350,000.00 into a reversionary medical trust ("Irrevocable Governmental Trust") and the remaining two Defendants paid a combined $1,000,000.00 into a separate trust ("Non-Governmental Trust"). The United States funded the Irrevocable Governmental Trust with annuities. By its terms, the Irrevocable Governmental Trust is a "secondary payor" after Lance exhausts coverage from Medicare, Medicaid, and any tribal or insurance benefits. In the event of Lance's death, the Irrevocable Governmental Trust benefits revert to the United States. The United States paid an additional $2,650,000.00 to Plaintiffs

3

outside of the Irrevocable Governmental Trust. Of that amount, Plaintiffs' attorneys received $1,425,000.00.

Lance's parents, Angela Kile and Jody Lemmings, testified at the fairness hearing. Both Kile and Lemmings acknowledged that they understood the terms of the settlement. Additionally, they stated that they had cared for Lance since his birth and confirmed their plan to care for him in the future. The court sealed the fairness hearing transcript.

On October 25, 2001, the district court approved the settlement. At the same time, the parties executed a Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims and Judgment Dismissing Action by Reason of Settlement. The next day, the parties filed a Release of Claims. On December 5, 2001, the case concluded with the filing of a Stipulation of Dismissal with Prejudice. The district court did not retain jurisdiction to further affect the settlement or the trusts the settlement documents created.

Over fifteen years later, on June 16, 2017, Appellants filed a motion seeking to intervene, in which they contended: (1) the parties presented materially inaccurate information to the district court in 2001 in order to obtain the district court's approval; (2) the district court did not have jurisdiction to approve the settlement because it did not appoint a guardian ad litem to represent Lance; and (3) a conflict of interest existed between Lance and his parents which required the appointment of a guardian ad litem. Belatedly, Appellants further sought access to the 2001 sealed fairness hearing transcript. In the motion to intervene, Appellants asserted that

4

Lance's parents spent a large portion of the proceeds and abandoned him in 2011, leaving him in the care of his paternal grandmother, Appellant Barbara Lemmings. The state district court appointed her Lance's guardian in January 2017. After Ms. Lemmings suffered a health issue, the state court appointed Appellant Oran Hurley, Jr. as co-guardian. Appellants sought to reopen the district court action, vacate the dismissal, intervene, and rewrite the terms of the Irrevocable Governmental Trust in order to access the proceeds contained in that trust. The United States objected.

In December 2017, the district court issued an Order denying Appellants' request. It held that no basis in law existed to invade the finality of the stipulation of dismissal. The district court therefore concluded it lacked jurisdiction to consider Appellants' requested relief. As to Appellants' requested access to the sealed transcript of the fairness hearing, the district court denied the request. The district court stated that because it lacked the jurisdiction to grant the relief requested, intervention would be futile. And, because the district court did not allow Appellants to intervene, it concluded they remained non-parties who were not entitled to access to the sealed transcript of the fairness hearing. Appellants appealed. Our jurisdiction arises under 28 U.S.C. § 1291. We affirm.

II.

Appellants assert the district court erred in concluding that, without the appointment of a guardian ad litem, it had personal jurisdiction over Lance to approve and enter the settlement agreement on October 25, 2001. Because of that

5

alleged error, Appellants next contend the district court erred in determining that it lacked jurisdiction under Federal Rule of Civil Procedure 60(b) to consider Appellants' requested relief. Finally, Appellants argue the district court's refusal to allow Appellants access to the sealed transcript of the fairness hearing denied Lance his fundamental constitutional right to due process. We address each issue in turn.

A.

Federal Rule of Civil Procedure ("Rule") 60(b)(4) provides that a court may relieve a party from final judgment if the judgment is void. A judgment is void for Rule 60(b)(4) purposes if the rendering court lacked the power to enter it. Gschwind v. Cessna Aircraft Co., 232 F.3d 1342, 1346 (10th Cir. 2000). This occurs "only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." United States v. Buck, 281 F.3d 1336, 1344 (10th Cir. 2002). Unlike other Rule 60(b) motions, relief from a void judgment is mandatory. Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986). "We review de novo the district court's ruling on a Rule 60(b)(4) motion." Buck, 281 F.3d at 1344.

Appellants contend the 2001 judgment in this civil action is void because the district court lacked personal jurisdiction over Lance. Specifically, Appellants argue that a guardian ad litem for Lance was a necessary and indispensable party. Federal Rule of Civil Procedure 17(c) controls the procedural question of the appointment of a guardian ad litem. In 2001, Rule 17(c) provided:

6

Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. An infant or incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person.[1]

Appellants urge us to adopt a mandatory rule that whenever a child and a parent settle their claims against a defendant, a district court *must* appoint a guardian ad litem to represent the child's interests or it *must* make findings that no such appointment is necessary. We reject such a rule.

The plain language of Rule 17(c) does not require the district court to appoint a guardian ad litem in all cases. Instead, the Rule provides that the court shall appoint a guardian ad litem for a person *not otherwise represented* in an action.[2]

---

[1] We note that our analysis is the same under the current version of Rule 17(c), the language of which the Committee amended in 2007 as part of the general restyling of the Federal Rules of Civil Procedure.

[2] Appellants point us to Roberts v. Ohio Casualty Insurance Company, 256 F.2d 35 (5th Cir. 1958). The Roberts court held that the "orderly administration of justice and the procedural protection of minors requires the trial judge to give due consideration to the propriety of an infant's representation by a guardian ad litem before he may dispense with the necessity of appointing the guardian." Id. at 39. That case is factually distinguishable. In Roberts, the district court granted judgment against minor children who were not represented by guardians or next friends. Id. at 37. Because the minor children were not represented, the Roberts court considered the final sentence of Rule 17(c), which provided that the court shall appoint a guardian ad litem for an infant *not otherwise represented*. In this case, Lance was represented at the settlement by his parents, who expressly served as his general guardians and next friends.

Rule 17(c) further provides that an infant or incompetent person may sue by "a next friend." Thus, Appellants' position is foreclosed by the plain language of Rule 17(c).

The established caselaw precludes the relief sought by Appellants as well. Courts addressing the issue have held that "unless a conflict of interest exists between the representative and minor, a district court need not even consider the question whether a guardian ad litem should be appointed." Burke v. Smith, 252 F.3d 1260, 1264 (11th Cir. 2001) (citing Croce v. Bromley Corp., 623 F.2d 1084, 1093 (5th Cir. 1980)). "[W]hen a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest." Id. Indeed, absent an apparent conflict of interest, the appointment of a guardian ad litem is not necessary where a parent is a party to the lawsuit and presses the child's claims before the court. Croce, 623 F.2d at 1093.

Appellants further urge us to consider that Lance's parents were unmarried, allegedly did not have a stable family relationship, and never received state court approval of the settlement agreement. Marital status and wealth do not impact our analysis. Nor does it matter that the parties abandoned their motion for approval in state court once the state court officially named Lance's parents his guardians. At that time, the evidence before the district court showed that Lance's parents had cared for Lance, that they would continue to care for him in the future, and that the state court had appointed them as his general guardians.

We perceive no inherent conflict of interest between Lance and his parents as his representatives. Moreover, for purposes of reopening this civil action that had

8

been dormant for over fifteen years, although Appellants allege that Lance's parents squandered a share of the settlement proceeds, we cannot conclude from the record that an actual conflict existed at the time the district court approved the settlement. For these reasons, we hold that Rule 17(c) did not require the district court to *sua sponte* appoint a guardian ad litem and that the district court properly exercised personal jurisdiction over Lance. Accordingly, the judgment was not void and Appellants are entitled to no relief under Rule 60(b)(4).

Appellants alternatively argue that Rule 60(b)(6), the catch-all provision, permits reopening in this case. This provision applies when the movant shows any reason justifying relief from the operation of the judgment. We have described Rule 60(b)(6) as a "grand reservoir of equitable power to do justice in a particular case." Cashner v. Freedom Stores, Inc., 98 F.3d 572, 579 (10th Cir. 1996). However, a district court may grant a Rule 60(b)(6) motion "only in extraordinary circumstances and only when necessary to accomplish justice." Id. "We have sometimes found such extraordinary circumstances to exist when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable." Id. The "broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made." Id. We review the district court's decision to deny a Rule 60(b)(6) motion for an abuse of discretion. LaFleur v. Teen Help, 342 F.3d 1145, 1153 (10th Cir. 2003).

A Rule 60(b)(6) motion must be made within a reasonable time. Fed. R. Civ. P. 60(c)(1). In this case, almost sixteen years passed between the settlement and

9

Appellants' motion to the district court. Appellant Barbara Lemmings has cared for Lance since 2011 even though she did not become his guardian until 2017. As the district court noted, Appellant Barbara Lemmings knew of the manner in which payment was being made for Lance's care in 2011, but waited until 2017 to file her motion. In the context of this case, a motion made sixteen years after the entry of judgment is not reasonable.

The district court further denied the Rule 60(b)(6) motion on the ground that mistakes that led to entering into an "improvident bargain" do not provide a basis for relief. Rule 60(b)(6) cannot be used to set aside "a free, counseled, deliberate choice whose consequences in hindsight are unfortunate." Cashner, 98 F.3d at 580. Thus, even if the settlement upon which the parties agreed constituted a bad deal in hindsight, there is "nothing sufficiently 'unusual or compelling' about making a bad bargain to warrant relief under Rule 60(b)(6)." Id. Accordingly, we conclude that the district court did not abuse its discretion in denying Appellants' Rule 60(b)(6) motion.

## B.

Appellants further seek access to the sealed transcript of the fairness hearing. Court documents "are covered by a common law right of access." United States v. McVeigh, 119 F.3d 806, 811 (10th Cir. 1997). "Under that doctrine, judicial documents are presumptively available to the public, but may be sealed if the right to access is outweighed by the interests favoring nondisclosure." Id. "Once a court orders documents before it sealed, the court continues to have authority to enforce its

10

order sealing those documents, as well as authority to loosen or eliminate any restrictions on the sealed documents." United States v. Pickard, 733 F.3d 1297, 1300 (10th Cir. 2013). "Challenges to closure decisions based on the common law right of access are reviewed for abuse of discretion." McVeigh, 119 F.3d at 811; see also Pickard, 733 F.3d at 1302 (reviewing decision to seal or unseal documents for an abuse of discretion).

In this case, the district court denied Appellants access to the sealed transcript. The district court concluded that because it denied intervention, Appellants remained nonparties to the case and were, therefore, not entitled to access.[3] We agree with the district court that Appellants, as of now, are non-parties to the action and are not entitled to the sealed transcript in this capacity.[4] That is not to say Appellants cannot still obtain the sealed transcript in another manner. Appellants became guardians for

---

[3] Appellants allege that the government lacks standing to oppose their request for access to the sealed transcript and in doing so violated its formal regulatory mandates. In support of this argument, Appellants cite 28 C.F.R. § 50.23, which provides that the government's policy is not to enter into final settlement agreements or consent decrees that are subject to confidentiality provisions, or to seek or concur in the sealing of such documents. In this case, the settlement agreement provides that it may be made public in its entirety. 28 C.F.R. § 50.23 does not speak to a district court's decision to grant or deny a non-party's access to sealed court records. Accordingly, Appellants' argument that the government has no standing to oppose unsealing court records is without merit.

[4] On appeal, Appellants complain the district court characterized them as intervenors rather than as Lance's guardians. But Appellants ignore that they characterized themselves as intervenors rather than as an existing Plaintiff. Indeed, in their initial motion to the district court, Appellants asked the district court "to allow them to intervene as a party in this matter" in order to modify the terms of the Irrevocable Governmental Trust.

11

Lance, a party, in 2017. At no time did Appellants seek permissive intervention for the limited purpose of accessing the sealed transcript. Nor did Appellants seek to substitute themselves in place of Lance's parents as parties to this civil action and simply ask for the transcript by standing in Lance's shoes. Had Appellants sought the transcript in a correct manner, the district court would have abused its discretion in denying their request. Until Appellants either substitute in the action or intervene for the limited purpose of obtaining the transcript, they are nonparties not entitled to the transcript.

## III.

For the foregoing reasons, the district court's judgment is AFFIRMED.