**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**November 30, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

TRAVIS CRACRAFT,

    Plaintiff - Appellant,

v.

UTAH VALLEY UNIVERSITY; JARED
LESSER, d/b/a JL Home Design,

    Defendants - Appellees.

No. 22-4034
(D.C. No. 2:19-CV-00397-TC-DBP)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.
_____

Pro se Appellant Travis Cracraft is back again, seeking review of the district

court's denial of another round of post-judgment motions. In those, he asks us to

consider whether his procedural missteps permit the extraordinary remedy of relief

from the district court's judgment. Exercising jurisdiction under 28 U.S.C. § 1291,

we conclude they do not and affirm.

We need not dwell on the facts or procedural posture. A former student of

Utah Valley University and former employee of Jared Lesser's company, Cracraft

asserts that the University and Lesser conspired to steal an algorithm he developed in

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2003. Sixteen years later, Cracraft sued the pair, alleging $300 million in damages from this conspiracy and asserting claims under the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. §§ 1962, 1964(c). After Cracraft amended, the district court dismissed his amended complaint as time-barred and inadequately pled; we affirmed. *Cracraft v. Utah Valley Univ.*, No. 21-4031, 2021 WL 5500604, at *1 (10th Cir. Nov. 24, 2021). We agreed with the district court that Cracraft's injury accrued in 2012, causing his complaint to be three years too late under RICO's four-year statute of limitations. *Id.* at *3-4. We also discarded Cracraft's argument that Lesser and the University fraudulently concealed their conspiracy, reasoning that Cracraft did not make that argument below. *Id.* at *4. Even if he did, we concluded that "Cracraft's fraudulent concealment theory is just a repackaged challenge to the district court's inquiry-notice determination, which we have already rejected." *Id.*

We also affirmed the district court's denial of Cracraft's motion to reopen and post-judgment motion to amend. We recited the oft-quoted standard for Federal Rule of Civil Procedure 60(b) that "such relief is extraordinary and may only be granted in exceptional circumstances." *Id.* at *5 (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000)). And we specified that post-judgment motions are not places to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citation omitted). Applying that standard, we affirmed the district court's ruling that Cracraft's motions were "based on facts that

2

were available when he filed the original complaint" and failed to address the exceptional circumstances mandated by the Federal Rules. *Id.* at *5-6.

Four months later, Cracraft filed another pair of post-judgment motions with the district court. The first is an "Amended Motion for Retrial," which supplanted an earlier-filed "Motion for Retrial due to Inadequate Representation." The second is a derivative "Motion to Amend Motion for Retrial." Both motions press that Rule 60(b)(6) warrants a "retrial" because the district court "did not consider extenuating circumstances due to [his] procedural missteps." R. vol. II, at 34. In other words, the district court got it wrong because Cracraft didn't know what he was doing. Broadly, Cracraft's motions go on to dredge up arguments about inquiry notice and fraudulent concealment. The district court summarily denied both motions.

We review the denial of a Rule 60(b) motion for abuse of discretion. *Johnson v. Spencer*, 950 F.3d 680, 701 (10th Cir. 2020) (quoting *Kile v. United States*, 915 F.3d 682, 688 (10th Cir. 2019)). "The denial of a 60(b)(6) motion will be reversed only if we find a complete absence of a reasonable basis and are certain that the decision is wrong." *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007) (quoting *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005)). Here, we are certain the district court's decision is right. Cracraft's Rule 60(b)(6) motion identifies no grounds for relief that qualify as extraordinary or exceptional. *See Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990) (noting that "exceptional circumstances" typically include "compelling circumstances beyond [the parties'] control"). Cracraft's

3

Opening Brief before us confirms as much, arguing that he "later discovered" precedent helpful to his argument. *Cf. Collins v. City of Wichita*, 254 F.2d 837, 839 (10th Cir. 1958) ("A change in the law or in the judicial view of an established rule of law is not . . . an extraordinary circumstance which justifies such relief." (citation omitted)). And to be sure, Cracraft's motion does little more than unearth arguments about tolling that we have already rejected or that he could have raised earlier.[1]

Nor are we persuaded that the district court interpreted Cracraft's motions too harshly. True, as Cracraft points out, we liberally construe pro se filings. But equally true is that "pro se status does not relieve [Cracraft] of the obligation to comply with procedural rules." *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002) (citing *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994)). Nor will we "'assume the role of advocate' and make [Cracraft's] arguments for him." *Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1173 (10th Cir. 2013) (quoting *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008)). On these precepts, we affirm the district court. Cracraft's retrial motion is foreign to the Federal Rules but can be liberally construed as one for post-judgment relief under Rule 60(b)(6). So construed, Cracraft's "procedural missteps" are not reason enough to justify extraordinary relief under Rule 60(b)(6). And because Cracraft's Rule 60(b) motion is meritless, his

---

[1] Cracraft contends that we never considered his tolling arguments on the merits. Our prior decision belies that reading. There, we noted that Cracraft failed to properly preserve his tolling arguments. *Cracraft*, 2021 WL 5500604, at *4 & n.3. But we also noted that Cracraft's tolling theory lacked merit because it "repackaged [his] challenge to the district court's inquiry-notice determination, which we have already rejected." *Id.* at *4 (citing *Dummar v. Lummis*, 543 F.3d 614, 621 (10th Cir. 2008)).

derivative (and unnecessary) motion to amend is moot. *See Chihuahuan Grasslands All. v. Kempthorne*, 545 F.3d 884, 891 (10th Cir. 2008) ("[A] case or controversy no longer exists when it is impossible to grant any effectual relief." (citations omitted)). We discern no abuse of discretion with the district court's conclusions that echoed this reasoning.[2]

    We affirm.

Entered for the Court


Gregory A. Phillips
Circuit Judge

---

[2] We are also troubled that Cracraft has used this appeal to reargue the merits of our prior decision. The place for that argument is a petition for panel rehearing, not recursive appeals. *See* Fed. R. App. P. 40(a)(1) (noting that litigants have fourteen days after entry of judgment to file petition for panel rehearing).