**PUBLISH**

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 97-2123

_____

D.C. Docket No. 94-1510-CIV-T-17A


KIDDER, PEABODY & CO., INCORPORATED,

                                                    Plaintiff-Appellant,

versus

ROBERT BRANDT, as trustee, SELMA BRANDT, JOHN H. GARY, DONNA L.
GARY, IRWIN GOLDSTEIN, et al.,

                                                    Defendants-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 22, 1997)**


Before COX, DUBINA and CARNES, Circuit Judges.

CARNES, Circuit Judge:

This case involves a claim arising under the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. The issue before us, however, involves less the intricacies of RICO law and more § 15 of the National Association of Securities Dealers Code of Arbitration (the "NASD Code"). That section provides that no dispute, claim or controversy is eligible for arbitration where six years have elapsed from the "occurrence or event giving rise to the act or the dispute, claim or controversy." This appeal turns on the definition of the quoted language.

We hold that the occurrence or event giving rise to a claim for purposes of § 15 of the NASD Code is the one necessary to make the claim viable, the occurrence or event after which a complaint specifying the facts would withstand a Federal Rule of Civil Procedure 12(b)(6) motion. Our holding requires a remand of this case for further proceedings in the district court.

## I. FACTS AND PROCEDURAL HISTORY

Kidder, Peabody & Co., Inc. ("Kidder") is a securities broker. Around 1987, a group of individuals (the "defendants") purchased shares in a limited partnership through Kidder. As a condition of purchasing securities through Kidder, each of the defendants agreed to submit any dispute or claim arising out of or relating to their Kidder accounts to arbitration. That agreement specified that the NASD Code would govern any arbitration claim they brought.

2

In 1994, the defendants filed a seven-count arbitration complaint against Kidder alleging, among other things, that Kidder had violated RICO, 18 U.S.C. § 1962. Before any action could be taken on that complaint, Kidder filed suit in federal district court, based upon diversity jurisdiction, seeking a declaration that the defendants' claims were ineligible for arbitration and an injunction forbidding the defendants from pursuing their claims in arbitration.

Kidder filed a motion for summary judgment contending that the "occurrence or event" which gave rise to the defendants' claims did not occur within six years of the date defendants filed their arbitration complaint as required by § 15 of the NASD Code. The district court granted Kidder's motion in part and denied it in part. Relevant to this appeal, the district found that the "occurrence or event" which gave rise to defendants' RICO claim was a "pattern of racketeering activity" which began more than six years before the defendants filed their arbitration complaint but ceased inside the six-year window. Based on that finding, the court denied Kidder's motion with respect to defendants' RICO claim. As to that claim, the court entered summary judgment for the defendants, declaring that the RICO claim was eligible for arbitration. Kidder filed a motion to alter or amend the judgment which the court denied. Kidder appeals from the district court's order on summary judgment and its order denying Kidder's motion to alter or amend the judgment.

## II. STANDARD OF REVIEW

We review the district court's denial of injunctive relief under an abuse of discretion standard, see Simmons v. Conger, 86 F.3d 1080, 1085 (11th Cir. 1996), but "we review de

3

novo determinations of law made by the district court en route," Teper v. Miller, 82 F.3d 989, 993 (11th Cir. 1996). "The standard of review for the district court's denial of a motion to amend final judgment is abuse of discretion." Armstead v. Coler, 914 F.2d 1464, 1466 (11th Cir. 1990) (citation omitted).

### III.  DISCUSSION

Kidder contends that the district court erroneously interpreted and applied § 15 of the NASD Code to the facts of this case. That section provides:

> No dispute, claim or controversy shall be eligible for submission to arbitration under this Code where six (6) years shall have elapsed from the occurrence or event giving rise to the act or the dispute, claim or controversy. This section shall not extend applicable statutes of limitation, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction.

The district court found that the "occurrence or event" giving rise to the defendants' RICO claim was a pattern of racketeering activity, "at least a portion of [which] allegedly occurred within the Section 15 time frame." On the basis of that finding, the court concluded that the defendants' RICO claim was eligible for arbitration.

Kidder argues that under § 15 the defendants' RICO claim was not eligible for arbitration, unless all of the predicate acts upon which that claim was based occurred within six years of the date defendants filed their arbitration complaint. Specifically, Kidder states: "Defendants' Federal RICO claim is eligible for arbitration only if each act or fact which forms each of the elements of their Federal RICO claim -- including those underlying the pattern element -- took place within the six year period preceding the initiation of arbitration." If Kidder's interpretation of § 15 is correct, the defendants' RICO claim was

4

not eligible for arbitration, because the district court found that some of the predicate acts supporting the claim took place outside the six-year window.

Kidder asserts that its interpretation of § 15 is supported by our decision in Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Cohen, 62 F.3d 381 (11th Cir. 1995). However, in Cohen, we did not define the phrase "occurrence or event giving rise to the . . . claim." Instead, we merely recognized, under facts similar to those here, that "[i]t is not a foregone conclusion . . . that the purchase date is the relevant occurrence or event giving rise to the Cohens' claims, as neither § 15 nor any other provision of the NASD Code so provides." Id. at 385.

Far from supporting Kidder's interpretation of § 15, Cohen is actually inconsistent with Kidder's position. In that case, the Cohens began purchasing securities from the defendant in 1985. They alleged that from 1985 through 1991 the defendant had misrepresented the value of their investments in statements it sent to them. The Cohens filed an arbitration complaint in 1993 asserting a claim for breach of fiduciary duty. Because the existence of a fiduciary duty was one element of the Cohens' claim, they had to prove that the defendants owed them a fiduciary duty. That duty was born when the Cohens purchased securities from the defendant in 1985, more than six years before the Cohens filed their arbitration complaint. Under Kidder's interpretation of § 15, the Cohens' claim would have been ineligible for arbitration because one of the acts upon which their claim was based occurred outside the six-year window. However, we did not adopt that interpretation of § 15. Instead, we recognized that, if the defendant had made misrepresentations within the six-

5

year window, the Cohens could have claims for breach of fiduciary duty that would be eligible for arbitration. See id. at 385. We stated that "each misrepresentation [e.g., the statements the defendant sent out] might be an event or occurrence giving rise to a claim for breach of fiduciary duty." Id. at 385 n.7; see also Osler v. Ware, 114 F.3d 91, 92-93 (6th Cir. 1997) (plaintiff who opened securities account in 1984 and filed arbitration complaint in 1993 could have an arbitrable claim based on defendant's misrepresentations made within the six-year window); PaineWebber Inc. v. Hofmann, 984 F.2d 1372, 1381 (3d Cir. 1993) (misrepresentation could be the act or occurrence giving rise to arbitrable claim).

Therefore, we reject Kidder's interpretation of the "occurrence or event giving rise to the . . . claim" language of § 15. Instead, we hold that under § 15 the "occurrence or event" which "gives rise to the . . . claim" is the last occurrence or event necessary to make the claim viable. A claim is viable when all the elements of that claim can be established such that it could withstand a motion to dismiss for failure to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6).

Of course, the last "occurrence or event" necessary to make a claim viable depends on the nature of a particular claim. In some instances, a single "occurrence or event" will establish all the elements of a claim. For example, the single act of striking another may establish all the elements of a claim for battery. In that instance, the act of striking another may be the "occurrence or event" which "gives rise" to a claim for battery.

In other instances, separate "occurrences or events" establish the various elements of a claim. For example, an action for negligence based on the defective design of a product

6

is not viable until an injury is caused by that product. Although the duty and breach elements of such a claim are established by the company's act of marketing the product, that act does not establish the causation and injury elements of the claim. The incident in which the product causes injury, not the company's act of marketing a defective product, is the "occurrence or event which gives rise to the . . . claim" within the meaning of § 15. Hypothesizing some dates for the occurrences or events in this example reveals the flaw in Kidder's position. Suppose that the company marketed the defectively designed product in year one and that, as a result of that defective design, the product caused injury in year eight. Under Kidder's theory, even if a claimant filed an arbitration complaint the moment after his or her claim arose--the moment after he or she was injured--the claim would be ineligible for arbitration. We decline to adopt an interpretation of § 15 that would render some claims ineligible for arbitration before they even come into existence.

Having discussed the meaning of § 15's "occurrence or event giving rise to the . . . claim" language, we turn now to the district court's application of that language to the facts of this case. The district court found that the "occurrence or event" which gave rise to defendants' RICO claim was a "pattern of racketeering activity." Because a "pattern of racketeering activity" is, by definition, a composition of multiple distinct "occurrences or events," we conclude that the district court failed to identify precisely the last "occurrence or event" necessary to make the defendants' RICO claim viable. Therefore, we remand the case to the district court with instructions to identify the occurrence or event which created a viable RICO claim for the defendants. If the occurrence or event which made the claim

7

viable took place more than six years from the date the defendants filed their arbitration complaint, the claim is ineligible for arbitration.

The thrust of defendants' position is that the district court incorrectly identified the "occurrence or event" giving rise to their claims. In essence, the defendants argue that they have multiple RICO claims, each occasioned by an injurious act which took place within the six-year window. The defendants assert that it is those acts, not a "pattern of racketeering activity" which is the "occurrence or event" giving rise to their RICO claims. We do not foreclose that possibility. On remand, the district court should consider whether the defendants have proved that Kidder committed acts within the six-year window that caused the defendants injury, and if so, whether those injurious acts created independent RICO causes of action. See Bivens Gardens Office Bldg., Inc. v. Barnett Bank of Florida, Inc., 906 F.2d 1546, 1554-55 (11th Cir. 1990) ("We hold, therefore, that with respect to each independent injury to the plaintiff, a civil RICO action begins to accrue as soon as the plaintiff discovers, or reasonably should have discovered, both the existence and source of his injury and that the injury is part of a pattern.") (emphasis added). If the facts reveal that the defendants have multiple RICO claims, it is possible that some will be ineligible for arbitration because they arose outside the six-year window, while others may be eligible for arbitration because they arose inside the six-year window.

We recognize that the district court's task on remand may not be a simple one. To determine whether defendants' RICO claim or claims are eligible for arbitration, the court must go beyond the allegations of the complaint and examine the evidence the parties offer,

8

if any. The burden of production and persuasion is on the plaintiff, Kidder. Although it might be necessary for the court to hold a "mini-trial" to identify the last occurrence or event necessary to make the defendants' RICO claim or claims viable, as we noted in <u>Cohen</u>, that burden is "[in]sufficient to justify interference with the binding agreement of the parties [to arbitrate their claims]." 62 F.2d at 385.

## IV. CONCLUSION

For the reasons set forth above, we VACATE the judgment of the district court and REMAND the case with the instruction that the district court make detailed findings of facts concerning the occurrence or event giving rise to defendants' RICO claim.