[PUBLISH]

IN THE UNITED STATES COURT OF APPEAL

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 9, 2001
THOMAS K. KAHN
CLERK

_____

No. 00-12626

_____

D. C. Docket No. 99-08549-CV-WPD

SALOMON SMITH BARNEY, INC.,

Plaintiff-Appellee,

versus

ARTHUR HARVEY, M.D., individually, and as
beneficiary of the Arthur Harvey, M.D. Inc.
Employee Defined Benefit Plan,
DELORES E. THOMAS,

Defendants-Appellants,

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 9, 2001)

Before TJOFLAT and DUBINA, Circuit Judges, and SHAPIRO[*], District Judge.

DUBINA, Circuit Judge:

The central issue in this appeal concerns the propriety of a district court's

review of the timeliness of claims sought to be arbitrated pursuant to the National

_____

[*]Honorable Norma L. Shapiro, U.S. District Judge for the Eastern District of Pennsylvania, sitting by
designation.

Association of Securities Dealers Code of Arbitration. Because the extent of a court's review is clearly articulated in both *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Cohen,* 62 F.3d 381 (11th Cir.1995), and *Kidder Peabody & Co., Inc., v. Brandt,* 131 F.3d 1001 (11th Cir.1997), we hold that the district court properly analyzed whether the alleged claims were timely for purposes of arbitration; accordingly, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

Between 1985 and 1990, appellants Delores Thomas, Margaret Ostrander, and Arthur Harvey (collectively referred to as "Appellants") purchased limited partnerships through Salomon Smith Barney Inc. ("Smith Barney"). On or about July 22, 1997, the Appellants filed an amended Statement of Claim and joined a Florida arbitration proceeding before the National Association of Securities Dealers ("NASD") that was initially filed by a claimant who is not a party to this suit. Appellants filed another NASD Statement of Claim on or about May 12, 1998. The arbitration claim alleged that Smith Barney recommended the purchase of investments in limited partnerships that were unsuitable and inappropriate for the investment objectives of the Appellants.

Since the individual Appellants resided in different states and made different investments with Smith Barney, Smith Barney requested that the NASD sever the claims. On November 14, 1997, the NASD Director of Arbitration granted the request to sever, but the NASD arbitration panel, at the Appellants' urging, reconsidered the matter and disregarded the Director's ruling by permitting the separate claims to proceed as one arbitration in Florida.

Simultaneous with the filing of the amended NASD claim, Appellants filed a state court action in Broward County, Florida. Appellants sought a declaration that the NASD panel, not the courts, should rule on the six-year eligibility requirement articulated in the NASD Code of Arbitration. In response, Smith Barney moved to sever the claims against it and/or dismiss the action on grounds of *forum non conveniens.* The trial judge denied Smith Barney's motion to sever and/or dismiss, and Smith Barney appealed that order to the Florida Fourth District Court of Appeal ("4th DCA"). On January 20, 1999, the Florida 4th DCA concluded that the Appellants engaged in impermissible forum shopping, dismissed Appellants' claims, and directed the trial court to enter orders to ensure that the Appellants could reinstate their suit in an alternative forum. *Smith Barney v. Potter,* 725 So.2d 1223, 1226-27 (Fla. 4th DCA 1999).

In light of the Florida appellate court's ruling in *Potter,* Smith Barney again petitioned the NASD arbitration panel to sever the arbitration. On March 25, 1999, the panel again denied Smith Barney's motion to sever.

Back in October of 1997, in anticipation of an NASD ruling to sever the claims, Smith Barney filed a complaint with the state court in California, where it believed that Appellant Harvey's claims would have to be arbitrated once the NASD severed them. Smith Barney requested declaratory and injunctive relief staying the underlying arbitration as to Appellant Harvey until the California court had an opportunity to determine which of Harvey's claims, if any, were eligible for arbitration. Appellant Harvey, however, moved to stay the California proceeding in

light of the similar proceeding in Florida already underway. The California court granted Harvey's motion and deferred to the pending Florida action.

On July 14, 1999, Smith Barney filed this action in the Southern District of Florida for declaratory and injunctive relief to enjoin Appellants from arbitrating claims that are ineligible for arbitration under the NASD's six-year eligibility rule. The district court granted a preliminary injunction, and on appeal, we dismissed the case as moot because the district court had subsequently entered an order granting permanent injunctive relief.

On February 28, 2000, Appellant Thomas filed a motion for appointment of a guardian ad litem at Smith Barney's expense. Appellant Thomas was 76 years old at the time, and her treating physician completed an affidavit attesting to her incompetency. Smith Barney objected to paying the expenses of a guardian. A magistrate judge granted Thomas's request for appointment of a guardian ad litem but denied her request that such appointment be at Smith Barney's expense. Appellant Thomas objected to the magistrate judge's order.

Smith Barney and Appellants filed cross-motions for summary judgment, each contesting whether Appellants' claims were eligible for arbitration. The district court granted Smith Barney's motion for summary judgment and denied all other pending motions as moot, including Appellant Thomas' motion for an appointment of a guardian ad litem at Smith Barney's expense. This appeal followed.

## II. ISSUES

1. Whether the district court properly reviewed the arbitrability of this case.

4

2. Whether the district court should have been judicially estopped from hearing this case.

3. Whether the district court should have abstained from exercising jurisdiction over this case.

4. Whether the district court committed reversible error by granting summary judgment in favor of Smith Barney prior to ruling on Appellant Thomas's motion for appointment of a guardian ad litem at Smith Barney's expense.

## III. STANDARDS OF REVIEW

This court reviews the district court's order granting permanent injunctive relief under an abuse of discretion standard. *Simmons v. Conger,* 86 F.3d 1080, 1085 (11th Cir.1996). We review the district court's application of judicial estoppel for abuse of discretion. *Talavera v. School Board of Palm Beach Co.,* 129 F.3d 1214, 1216 (11th Cir.1997). The district court's legal determinations are reviewed *de novo. Kidder, Peabody & Co., Inc. v. Brandt,* 131 F.3d 1001, 1003 (11th Cir.1997). This court also reviews a district court's order granting summary judgment *de novo. Bivens Gardens Office Bldg., Inc. v. Barnett Banks of Fla., Inc.,* 140 F.3d 898, 905 (11th Cir.1998).

## IV. DISCUSSION

It is well settled that the NASD eligibility requirement is a substantive requirement, and, absent clear and unmistakable evidence, the court determines whether claims are timely under the NASD Code. *See First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995) ("Courts

5

should not assume that the parties agreed to arbitrate arbitrability unless there is 'clea[r] and unmistakabl[e]' evidence that they did so.") (quoting *AT&T Technologies, Inc., v. Communications Workers of America,* 475 U.S. 643, 649, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986)); *see also Dean Witter Reynolds, Inc., v. Fleury,* 138 F.3d 1339, 1342 (11th Cir.1998) ("[Section] 15 of the NASD Code is not a procedural statute of limitations, but a substantive eligibility requirement, determining the arbitrability of a given claim.").[1]

Since the record reflects no clear and unmistakable evidence of the parties' intent to arbitrate issues of arbitrability, we adhere to our admonition in *Cohen* and conclude that "the presumption that courts determine arbitrability" controls. *Cohen,* 62 F.3d at 384. Having determined that the case was properly before the district court, we now turn to the extent of the district court's review of arbitrability and to the propriety of the court's findings.

Section 10304 of the NASD Code provides: "No dispute, claim, or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy."

Smith Barney posits that the "occurrences or events" giving rise to Appellants' claims were the purchase dates of the limited partnerships. Conversely, Appellants aver that their claims are based on events that occurred less than six years before they filed their Statement of Claim. Appellants further argue that when the court analyzed

---

[1]The NASD Code was renumbered in 1996, and Section 15 was renumbered Section 10304.

and adjudicated their allegations of injuries suffered within the six year period, the district court impermissibly passed upon the very issues that the parties had previously agreed to arbitrate. In other words, the Appellants assert that the district court's review should be limited to resolving the six-year eligibility issue and should not infringe on the parties' agreement to arbitrate the merits of the case.

Although Smith Barney sold the last limited partnership to Appellants over six years prior to the Appellants' filing of their Statement of Claim, Appellants maintain that numerous other arbitrable events or occurrences transpired within six years of submission to arbitration, including: issuance of false monthly statements, failure to disclose that the limited partnership portfolio was losing value, failure to diversify accounts, affirmative advice not to sell the limited partnerships, etc.

Similar allegations were at issue in *Cohen.* There, we stated that "[i]t is not a foregone conclusion [ ] that the purchase date is the relevant occurrence or event giving rise to the Cohens' claims." 62 F.3d at 385. Indeed, we remanded the case so that the district court could "examine each of the Cohen's claims in order to determine what is the 'occurrence or event' giving rise to that claim." *Id.* When faced with continuing fraud allegations, the trial court must determine which alleged occurrences or events are necessary to make the claim viable. *See Kidder Peabody & Co., Inc., v. Brandt,* 131 F.3d at 1004. A claim is viable "when all the elements of that claim can be established such that it could withstand a motion to dismiss for failure to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Id.* In short, "[i]f the occurrence or event which made the claim viable took place more than six

years from the date the defendants filed their arbitration complaint, the claim is ineligible for arbitration." *Id.*

Here, unlike *Cohen,* the district court analyzed the Appellants' allegations that certain events and occurrences fell within the six year eligibility period. The district court explicitly addressed each of the Appellants' claims and found that each claim emanated from the sale of the limited partnerships. Since the Appellants' claims could have withstood a 12(b)(6) motion to dismiss more than six years prior to their filing an arbitration complaint, Appellants are precluded from arbitrating their dispute under Section 10304 of the NASD Code.

The district court did not exceed the scope of its review by delving into the merits of the action, but adhered to our previous exegesis that "the court must go beyond the allegations of the complaint and examine the evidence the parties offer, if any." *Id.* at 1005; *see Cohen* 62 F.3d at 385 ("[O]ur holding may compel federal courts to hold 'mini-trials' on timeliness.").

Moreover, the district court correctly held that the Appellants' continuing fraud claims were tolling arguments, and as such have no effect upon eligibility. *See Cohen,* 62 F.3d at 385 n. 4 ("[B]ecause section 15 is an eligibility requirement rather that a procedural statute of limitations, claims are not subject to equitable tolling."); *see also Ohio Company v. Nemecek,* 98 F.3d 234 (6th Cir.1996); *Edward D. Jones & Co. v. Sorrells,* 957 F.2d 509 (7th Cir.1992).

Under the facts of this case, we hold that the district court did not abuse its discretion in making its findings nor did the district court improperly pass upon the

merits of the case. Rather, the district court correctly analyzed the viability of each claim pursuant to the standards set forth in *Cohen* and *Brandt.*

The Appellants also contend that Smith Barney is bound by the Florida state appellate court's mandate that the issues be litigated in the Appellants' respective states instead of Florida. Having successfully argued that Florida was not the proper forum for this action, Appellants contend that Smith Barney should be judicially estopped from subsequently seeking adjudication and redress from a Florida court.

Judicial estoppel "is applied to the calculated assertion of divergent sworn positions ... [and] is designed to prevent parties from making a mockery of justice by inconsistent pleadings." *McKinnon v. Blue Cross & Blue Shield of Ala.,* 935 F.2d 1187, 1192 (11th Cir.1991) (citation omitted). This circuit's approach contemplates two elements. First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system. *See id.; Taylor v. Food World Inc.,* 133 F.3d 1419, 1422 (11th Cir.1998)*; Johnson Service Co. v. Transamerica Ins. Co.,* 485 F.2d 164, 174-75 (5th Cir.1973).[2]

The district court did not abuse its discretion by refusing to apply judicial estoppel. Smith Barney did not maintain inconsistent positions, but rather it continuously argued that Florida was an inconvenient forum. Only when the arbitration panel refused to sever the action in accordance with the Florida appellate

---

[2]The Eleventh Circuit adopted as binding precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

9

court's holding was Smith Barney relegated to filing in federal court in Florida. Moreover, Appellants failed to show that Smith Barney's decision to file in Florida evinced a calculated attempt to make a mockery out of the judicial system. *See Dockery v. North Shore Medical Center,* 909 F.Supp. 1550, 1558 (S.D.Fla.1995) ("Judicial estoppel is a technical rule ... directed against those who would attempt to *manipulate* the court system through the *calculated* assertion of divergent sworn positions in judicial proceedings.") (emphasis added). We conclude that the district court properly refused to apply judicial estoppel in this instance.

Appellants further argue that the district court should have abstained from exercising jurisdiction because the district court sat as a court of equity and the issues had been pending in state court. *See Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 717, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) ("[I]t has long been established that a federal court has the authority to decline to exercise its jurisdiction when it is asked to employ its historic powers as a court of equity."). We hold, however, under *Moses H. Cone Memorial Hosp. v. Mercury Contr. Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), and *First Franklin Fin. Corp. v. McCollum,* 144 F.3d 1362 (11th Cir.1998), that the district court properly exercised jurisdiction over the present action.

Appellant Thomas separately contends that the district court improperly granted summary judgment to Smith Barney before it granted her motion for appointment of a guardian ad litem at Smith Barney's expense. She claims that she had become incompetent, and before she could respond to Smith Barney's summary

judgment motion, she needed a guardian ad litem. Federal Rule of Civil Procedure 17(c) provides, "[t]he court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person." In *Roberts v. Ohio Casualty Ins. Co.,* 256 F.2d 35, 39 (5th Cir.1958),[3] the Fifth Circuit held that a court addressing a request for a guardian ad litem must either (1) appoint a guardian; (2) issue an order providing whatever protection might be required for the party in lieu of appointing a guardian; or (3) determine that the party is protected absent a guardian. It is clear that *Roberts* and Rule 17(c) require that some action be taken on the record before a court proceeds on the merits of the claims.

The record demonstrates that Appellant Thomas filed a motion for appointment of a guardian ad litem at Smith Barney's expense on February 28, 2000. On March 28, 2000, a magistrate judge granted Thomas's motion for appointment of a guardian ad litem, but the court denied her request that such appointment be at Smith Barney's expense. (Order of Judge Johnson, R. at Docket Entry No. 44.) The ruling further provided that "[t]he parties shall confer and provide the Court with the name of an agreed-upon Guardian Ad Litem within ten (10) days of the date of this Order. If the parties cannot agree, each party shall name a proposed Guardian Ad Litem within ten (10) days, and this Court shall make the selection." *Id.* Although Appellant Thomas filed objections to the magistrate judge's refusal to require that Smith Barney pay for the guardian ad litem, the record does not indicate any attempt

---

[3]*See supra* note 2.

by any party to name a guardian ad litem until May 19, 2000, almost a month after the court granted Smith Barney's motion for summary judgment.[4] The district court gave Appellant Thomas the opportunity to obtain a guardian ad litem, but she, herself, delayed selection of a guardian. The district court was therefore justified in rendering summary judgment before naming a guardian ad litem. In our view, the district court complied with the requirements of *Roberts* and Rule 17(c) of the Federal Rules of Civil Procedure by granting Appellant Thomas's initial motion for a guardian ad litem and setting up a mechanism through which she could select a guardian ad litem.

Finally, because Appellants raise their full faith and credit argument for the first time on appeal, we decline to consider it. *See McGinnis v. Ingram Equip. Co., Inc.,* 918 F.2d 1491, 1495 (11th Cir.1990) (en banc) ("A general principle of appellate review is that an appellate court will not consider issues not presented to the trial court.").

## V. CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.

---

[4]It is noteworthy that the district court granted Appellant Thomas' motion to appoint the *named* guardian ad litem on the same day that motion was filed. (R. at Docket Entry Nos. 60, 62.)