[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 20, 2005
THOMAS K. KAHN
CLERK

No. 04-16686
Non-Argument Calendar

_____

D.C. Docket No. 00-00070-CR-01-WCO-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD JUNIOR FRAZIER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 20, 2005)

Before TJOFLAT, ANDERSON and MARCUS, Circuit Judges.

PER CURIAM:

Richard Junior Frazier, a federal prisoner proceeding pro se, appeals the district court's denial of his Motion for Temporary Restraining Order Injunction and Show Cause ("Motion"), in which Frazier alleged an improper delegation to the Bureau of

Prisons ("BOP") of the district court's authority to collect restitution. Frazier asked the district court to enjoin the BOP from withholding his earnings to pay restitution he had to pay as part of his criminal conviction for kidnapping, in violation of 18 U.S.C. §§ 1201(a)(1) and 3599(c).[1] After his conviction, pursuant to a jury verdict, the district court sentenced Frazier to life imprisonment and ordered him to pay restitution in the amount of $3,880 to the victim and restitution in the amount of $1,307.59 to the victim's health insurance plan. The court stated the following in the Restitution Order: "The restitution shall be paid immediately. [The victim] shall receive restitution payment first, followed by [the victim's health insurance plan]. " On appeal, we affirmed Frazier's conviction. See United States v. Frazier, 387 F.3d 1244 (11th Cir. 2004) (en banc), cert. denied, 125 S. Ct. 2516 (2005).

In the instant proceeding, in support of the requested injunctive relief, Frazier asserted in his Motion that the district court, in failing to set the timing and amounts

---

[1]Although we generally lack jurisdiction to review the denial of a temporary restraining order, see Ingram v. Ault, 50 F.3d 898, 899 (11th Cir. 1995), after our review of the proceedings and the parties' supplemental materials, filed in response to our issuance of a jurisdictional question, we conclude we have jurisdiction over this appeal because, despite Frazier's label, his motion really asked for a preliminary injunction, the denial of which we have jurisdiction to review, pursuant to 28 U.S.C. § 1292(a)(1). Moreover, we observe that the district court's order denying a preliminary injunction bears all the attributes of a final decision "which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment", over which we also have jurisdiction. See 28 U.S.C. § 1291; Pitney Bowes, Inc. v. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983) (citation and internal quotation marks omitted). In either case, we have jurisdiction over this appeal.

of payment in the Restitution Order, improperly delegated its authority to collect restitution to the BOP. Frazier argued that the BOP's withholding of his earnings, in order to pay the restitution, violated 18 U.S.C. § 3572(d). Frazier requested the district court to enjoin the BOP from withholding his earnings. After noting that there was no indication that Frazier served the government with the motion, the district court denied the motion. After quoting the language from the Restitution Order that we have quoted above, the district court stated:

> It is clear . . . that this court did not delegate to the Bureau of Prisons the authority to set or designate how the defendant should pay restitution. The court, moreover, stated in clear and uncertain terms that the restitution shall be paid immediately. Thus, the Bureau of Prisons would be justified in collecting any amount authorized by law from the defendant at any time up to the total amount due on the restitution, the full amount having been due at the time of the entry of judgment. Under the provisions of the Bureau of Prisons' Financial Responsibility Policy, the Bureau of Prisons may and should collect the restitution as stated by the Court.

On appeal, Frazier argues in its Restitution Order, the district court illegally delegated to the BOP the authority to collect restitution, and to set the timing and amount of the restitution payments, in violation of 18 U.S.C. § 3572(d) and precedent from the Fourth Circuit.

We review a district court's denial of injunctive relief under an abuse of discretion standard. See Kidder, Peabody & Co., Inc. v. Brandt, 131 F.3d 1001, 1003

(11th Cir. 1997).  The Mandatory Victims Restitution Act ("MVRA") provides: "A restitution order may direct the defendant to make a single, lump-sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at specified intervals and in-kind payments."  18 U.S.C. § 3664(f)(3)(A).  The MVRA also states that "the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid."  18 U.S.C. § 3664(f)(2).  Section 3572(d), in turn, provides, inter alia, that, if the restitution order "permits other than immediate payment, the length of time over which scheduled payments will be made shall be set by the court, but shall be the shortest time in which full payment can reasonably be made."  18 U.S.C. § 3572(d)(2) (emphasis added).

We have held that, under the MVRA, if payment is not immediately required, the court must specify the length of time over which the payments are to be made, and it cannot delegate this duty.  United States v. Prouty, 303 F.3d 1249, 1254-55 (11th Cir. 2002) (holding that § 3572(d) precludes the district court from delegating its authority to establish a restitution repayment schedule where it was unclear from the record whether the district court intended immediate repayment or repayment over

4

time). Here, the district court ordered <u>immediate</u> payment of restitution.[2] Section 3572(d)(2) requires the court to establish a payment schedule only if the court provided for payments in installments. <u>See</u> 18 U.S.C. § 3572(d)(2); <u>Prouty</u>, 303 F.3d at 1254-55. On this record, there was not improper delegation of the district court's authority to establish a restitution payment schedule.

In sum, because the MVRA requires the court to establish a payment schedule only if the court provided for payments in installments and the court provided that restitution was due immediately, the court did not improperly delegate its authority to establish a repayment schedule to the BOP and we affirm its denial of Frazier's Motion.[3]

**AFFIRMED.**

---

[2] The provision for immediate payment in Frazier's case distinguishes it from the two Fourth Circuit decisions he cites, both of which involved provisions for restitution to be paid "at such times and in such amounts as the Bureau of Prisons and/or the Probation Office may direct." <u>United States v. Miller</u>, 77 F.3d 71, 74 (4th Cir. 1996); <u>United States v. Johnson</u>, 48 F.3d 806, 807 (4th Cir. 1995).

[3] In light of our disposition, we DENY AS MOOT Frazier's "Motion to Stay Withholding of Inmate's Funds Pending Action" by this Court.