[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-16401 & 06-10478
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 11, 2006
THOMAS K. KAHN
CLERK

D.C. Docket No.
04-01133-CV-ORL-22KRS

LYNNETTE ANDUJAR STRAUSS,

Plaintiff-Appellant,

versus

RENT-A-CENTER, INC.,
d.b.a. Rent-A-Center,
RENT-A-CENTER EAST, INC.,
f.k.a. Rent-A-Center, Inc.,
d.b.a. Rent-A-Center,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

**(July 11, 2006)**

Before CARNES, PRYOR and COX, Circuit Judges.

PER CURIAM:

Lynnette Andujar Strauss appeals the district court's grant of summary judgment to Defendants Rent-A-Center, Inc., d.b.a Rent-A-Center and Rent-A-Center East, Inc., f.k.a Rent-A-Center, Inc., d.b.a Rent-A-Center (collectively, "Rent-A-Center") on all of Strauss's claims of retaliation in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e et seq. and the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq. Strauss also appeals the district court's denial of her Rule 60(b) motion for relief from the judgment.

The district court granted summary judgment to Rent-A-Center, holding that Strauss's claims were barred by res judicata, accord and satisfaction, and judicial estoppel. We reverse.

Strauss's retaliation claims are not barred by res judicata nor by accord and satisfaction because her claims are distinct from those claims that were settled by the consent decree entered by the district court in the Southern District of Illinois, on October 11, 2002, in *Wilfong, et al. v. Rent-A-Center*, Civil Action No. 00-680-DRH. As to unnamed class members, that consent decree resolves only sex discrimination and sexual harassment claims; it does not address any retaliation actions by unnamed class members.

We also hold that, under the circumstances of this case, application of the doctrine of judicial estoppel is reversible error. We do not think this is a case where Strauss's nondisclosure of her employment action on her Chapter 13 petition was "'shown to have been calculated to make a mockery of the judicial system.'" *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002) (quoting *Salomon Smith Barney, Inc. v. Harvey, M.D.*, 260 F.3d 1302, 1308 (11th Cir.2001)). Strauss was not successful in "persuading a tribunal to accept the earlier position, so that judicial acceptance of the inconsistent position in a later proceeding creates the perception that either court was misled." *Burnes*, 291 F.3d at 1285 (citing *New Hampshire v. Maine*, 532 U.S. 742, 750-51, 121 S. Ct. 1808, 1815 (2001)). This is not a case like *Barger v. City of Cartersville, Ga.*, 348 F.3d 1289 (11th Cir. 2003), in which there was evidence that: (1) the debtor intentionally misled the bankruptcy court as to the existence and then character of her employment lawsuit, and (2) the debtor's success at concealing the true character of her lawsuit from the bankruptcy court resulted in a bankruptcy court ordered discharge of all her debts. The bankruptcy court never entered any order discharging any of Strauss's debts.

For the foregoing reasons, the district court's grant of summary judgment to Rent-A-Center is reversed and the action is remanded to the district court. We need not address Strauss's appeal of the denial of her Rule 60(b) motion.

REVERSED AND REMANDED.