**In re William E. PACE TRUSTEE OF Earl H. PACE IRREVOCABLE TRUST, Debtor.**

No. 6:07–bk–00685–KSJ.

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Sept. 11, 2007.

Peter N. Hill, Wolff Hill McFarlin & Herron PA, Orlando, FL, for Debtor.

Andrew M. Brumby, Shutts & Bowen LLP, Orlando, FL, for trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW GRANTING MOTION TO DISMISS AND AWARDING DAMAGES

KAREN S. JENNEMANN, Bankruptcy Judge.

This case came on for hearing on July 30, 2007, on the Motion to Dismiss Case and to Shorten Time for Notice of Hearing (Doc. No. 53) filed by the debtor, William E. Pace, Trustee of Earl H. Pace Irrevocable Trust. On February 27, 2007, Mr. Pace, without assistance of counsel, signed a petition initiating this case under Chapter 11 of the Bankruptcy Code.[1] On the petition, Mr. Pace noted that the debtor was a "business trust", which is a necessary eligibility prerequisite for a trust to qualify as a debtor in a bankruptcy case. Mr. Pace now seeks dismissal of the case contending that the underlying trust agreement is *not* a business trust, contrary to his earlier statement, and is not eligible to be a debtor under Section 109 of the Bankruptcy Code.

Initially, the Court observes that Mr. Pace's motives and actions are suspect, at

---

1. Unless otherwise stated, all references to the Bankruptcy Code refer to Title 11 of the United States Code.

best. Mr. Pace is the trustee of the debtor trust, which holds disputed interests in various parcels of real property. Prior to filing this Chapter 11 case, Mr. Pace obstructed the efforts of legitimate creditors to collect upon their outstanding claims and did everything possible to frustrate the conclusion of pending litigation and to effect further delay. One of those frustrated creditors is Theresa K. Guest. Mr. Pace filed this bankruptcy case on the eve of a foreclosure sale specifically to obtain the automatic stay and to stop Ms. Guest from proceeding with her sale, pursuant to the final judgment already entered by the state court.

Mr. Pace, filing this case simply to delay the foreclosure sale, anticipated that the case would be quickly dismissed. The debtor listed no creditors, other than Ms. Guest, even though the debtor has multiple creditors holding substantial claims. Mr. Pace initially filed no schedules or required pleadings.[2] He did not attend the meeting of creditors mandated by Section 341 of the Bankruptcy Code. He did not cooperate with the United States Trustee or provide requested information. Essentially, Mr. Pace did nothing, thinking his inaction would result in the dismissal of the case.

However, a group of creditors instead filed a motion to convert the case from a Chapter 11 case to a Chapter 7 liquidation case. (Doc. No. 25). The debtor received timely notice of hearing set for April 11, 2007. Mr. Pace did not attend the hearing or oppose the conversion. Based on the evidence and finding that Mr. Pace filed this case in obvious bad faith, the Court converted the case to Chapter 7. (Doc. No. 34).

Only at that point did Mr. Pace hire a lawyer and participate in any meaningful way in the bankruptcy filing he initiated. On May 1, 2007, the debtor filed the current Motion to Dismiss, contending that the trust is a "family" trust not a "business" trust, as Mr. Pace personally wrote on the bankruptcy petition. At the initial hearing on Mr. Pace's motion, the newly appointed trustee, George E. Mills, Jr., and other creditors requested a continuance to allow them to conduct discovery on the issue and an order directing the debtor both to file the necessary schedules and to attend the meeting of creditors, which Mr. Pace previously had ignored. The parties were given approximately 45 days to complete these tasks, before the evidentiary hearing was held on July 30, 2007. (Doc. No. 77).

■ Based upon the evidence presented at the hearing, the Court easily finds that the trust agreement created a trust for estate and family planning purposes and not for any business purpose. Although the trust was established to hold and conserve property, the trust's purpose was merely to preserve the *res* and not to conduct business and to share gains. Furthermore, the trust does not have continuity of life; rather, it terminates upon death. Therefore, the debtor is not a "business trust" and does not fall within the definition of "a person" as required by 11 U.S.C. § 109.[3] *See In re Star Trust*, 237 B.R. 827 (Bankr.M.D.Fla.1999); *In re St. Augustine Trust*, 109 B.R. 494, 495 (Bankr.M.D.Fla. 1990) (*citing Morrissey v. Commissioner*, 296 U.S. 344, 56 S.Ct. 289, 80 L.Ed. 263

---

**2.** The debtor did file schedules listing numerous creditors after this case was converted to a Chapter 7 liquidation case.

**3.** Section 101(41) of the Bankruptcy Code defines a "person" to include a "corporation". In turn, Section 101(9) of the Bankruptcy Code defines "corporation" to include only a "business trust", but not a family trust.

(1935)). Accordingly, the Earl H. Pace Irrevocable Trust is not eligible to be a debtor under the Bankruptcy Code.

■■■ The trustee next asserts that, even if the trust is not an eligible debtor, the theory of judicial estoppel prevents the debtor from now denying that it is "business trust." The Eleventh Circuit Court of Appeals discussed judicial estoppel in *Parker v. Wendy's Intern'l, Inc.*, 365 F.3d 1268 (11th Cir.2004)[4] and in *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282 (11th Cir.2002). "Judicial estoppel is an equitable doctrine invoked at a court's discretion" that precludes a party from asserting inconsistent claims in legal proceedings. *Burnes*, 291 F.3d at 1285–86 (*citing New Hampshire v. Maine*, 532 U.S. 742, 750, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)). Courts can invoke the doctrine "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions." *Burnes*, 291 F.3d at 1285–87 (*citing New Hampshire*, 532 U.S. at 749–50, 121 S.Ct. 1808; *American Nat'l Bank of Jacksonville v. Federal Dep. Ins. Corp.*, 710 F.2d 1528, 1536 (11th Cir.1983) ("judicial estoppel applies to the 'calculated assertion' of divergent positions")). The doctrine should not be invoked when the prior position was a result of inadvertence or good faith mistake. *Burnes*, 291 F.3d at 1285–87 (citations omitted).

■■■ While not an exact science, courts in the Eleventh Circuit generally consider two factors in determining whether to apply judicial estoppel to a particular case. *Parker*, 365 F.3d at 1271 (*citing New Hampshire*, 532 U.S. at 750, 121 S.Ct.

1808); *Burnes*, 291 F.3d at 1285 (*citing Salomon Smith Barney, Inc. v. Harvey, M.D.*, 260 F.3d 1302, 1308 (11th Cir.2001)). "First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system." *Burnes*, 291 F.3d at 1285–86 (*citing Salomon*, 260 F.3d at 1308). These factors do not represent an exhaustive list. Instead, courts must consider all circumstances when determining whether to apply judicial estoppel. *Burnes*, 291 F.3d at 1286; *New Hampshire*, 532 U.S. at 750–51, 121 S.Ct. 1808 (Noting that courts typically consider: (1) whether the present position is "clearly inconsistent" with the earlier position; (2) whether the party succeeded in persuading a tribunal to accept the earlier position, so that judicial acceptance of the inconsistent position in a later proceeding creates the perception that either court was misled; and (3) whether the party advancing the inconsistent position would derive an unfair advantage on the opposing party).

■■■ In this case, the trustee makes a very persuasive argument that judicial estoppel should apply and that Mr. Pace should not be allowed to change his position that the debtor is now a family trust, simply to escape the strictures of the bankruptcy rules and procedures. Without question, Mr. Pace's initial statement on the debtor's petition, made under oath, that the debtor was a business trust is clearly inconsistent with Mr. Pace's current position that the debtor is a family trust.

---

**4.** In *Parker,* the Eleventh Circuit Court of Appeals declined to invoke the doctrine to preclude a Chapter 7 trustee from pursuing an employment discrimination claim that the debtor initially failed to disclose as an asset on her bankruptcy schedules. 365 F.3d at 1269. The Court ruled that the claim was an asset of the debtor's bankruptcy estate and that the trustee, as the real party in interest, should not be estopped from pursuing the claim since the trustee had not asserted divergent or inconsistent positions in any legal proceedings.

Moreover, the prior statement was not due to any mistake. Rather, it was made in bad faith to obtain the benefit of the automatic stay and defer Ms. Guest's foreclosure sale. Mr. Pace knowingly and intentionally noted that the debtor was a business trust on the initiating petition specifically to establish eligibility as a debtor. Then, neither the debtor nor Mr. Pace did anything, assuming dismissal was imminent. When the case was converted to Chapter 7 and a trustee appointed, Mr. Pace almost immediately sought dismissal, now contending he made a "mistake". The Court finds, based upon the evidence and Mr. Pace's less than convincing testimony, that he made *no* mistake. Mr. Pace intentionally filed a fraudulent petition into order to abuse the bankruptcy system and to improperly obtain the automatic stay to stop a pending foreclosure action. Mr. Pace took these actions with the conscious intent to "make a mockery of the judicial system."

Therefore, the Court *could* apply the theory of judicial estoppel to keep this debtor in bankruptcy, finding that Mr. Pace cannot now change his position and claim the debtor really is a family trust, and not a business trust. The Court, however, declines to exercise its discretion to retain jurisdiction over this case for two primary reasons. First, the debtor/trust clearly is an ineligible, family trust. Mr. Pace simply lied on the bankruptcy petition to improperly obtain the automatic stay. As such, the parties agree that the trust is not eligible to be a debtor in this case and that, but for Mr. Pace's impropriety, this Court lacks jurisdiction over the debtor. Second, the jurisdiction of bankruptcy courts, generally, is limited. Only certain categories of persons are entitled to be debtors. Family trusts are not included, and, given this limited jurisdiction and even in light of Mr. Pace's untruthfulness, the Court does not believe it

appropriate to exercise jurisdiction in a case where no underlying jurisdiction exists. Therefore, even though the Chapter 7 trustee has demonstrated each element of judicial estoppel, the Court will exercise its discretion to dismiss the case.

■ However, the chicanery of Mr. Pace certainly should have consequences to prevent him from making a mockery of our judicial system in this case and to prevent similar shenanigans in the future. At a minimum, both Mr. Pace, individually, and the debtor, jointly and severally, should pay all costs incurred by the Chapter 7 trustee and his attorney because of the improper filing of this case, pursuant to Section 105 of the Bankruptcy Code, which allows the Court to *sua sponte* issue any order or judgment necessary to prevent an abuse of process or to carry out the provisions of the Bankruptcy Code. Specifically, Section 105(a) states that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section "105 uses the broad term 'any' which encompasses all forms of orders including those that award monetary relief." *Jove Engineering, Inc. v. I.R.S.*, 92 F.3d 1539, 1554 (11th Cir.1996). "A court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (recognizing that Courts have the discretion "to fashion an appropriate sanction for conduct which abuses the judicial process" and that "an assessment of attorney's fees is undoubtedly within a court's inherent power") (internal citations and quotations omitted).

If ever a case merited the award of fees and costs against a party who improperly filed a fraudulent bankruptcy petition, this

is it. Both the Chapter 7 trustee and his attorney have spent considerable time evaluating the debtor's status, and attempting to determine if the debtor was a business trust, as it originally claimed, or a family trust, as it now claims. The work was entirely caused by the dishonesty of Mr. Pace. The work was complex and required substantial discovery from a less than candid debtor in a short period of time.

At the Court's request, both the trustee and his attorneys have filed statements of fees, time, and expenses spent in connection with this case. (Doc. Nos. 86, 87, 88, 91, 94, and 96). For his time, expenses and services, George E. Mills, Jr., the Chapter 7 trustee, seeks an amount of $4,860.08. The law firm representing him, Shutts & Bowen, has expended substantial time, incurring fees of $31,526 and expenses of $892.13, for a total amount of $31,570.89. Evaluating the requested amounts, as required in the Eleventh Circuit, under the factors [5] articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974) [6] the Court finds that these fees and costs are reasonable.

Pursuant to Section 105, Mr. Pace, individually, and the debtor, the Earl H. Pace Irrevocable Trust, are jointly and severally liable for the payment of these unnecessary fees and costs incurred as a result of their fraudulent actions in filing a false bankruptcy petition contending the debtor was eligible to file the case, when they knew it was not. Mr. Pace and the debtor shall have 21 days from the entry of this order to pay the Chapter 7 trustee the amount of $4,860.08, and to pay Shutts and Bowen the amount of $31,570.89. If the payment is not timely made, the Chapter 7 trustee is directed to submit a judgment upon which execution shall lie.

Accordingly, the debtor's Motion will be granted, this case will be dismissed, and the debtor and Mr. Pace are directed to pay the fees and costs to the Chapter 7 trustee and his attorney within 21 days. The clerk is directed to keep the case open for a period of 90 days to monitor the payment of the amounts due to the Chapter 7 trustee and his attorney. A separate order consistent with these findings of fact and conclusions of law shall be entered.

DONE AND ORDERED.

**5.** The twelve factors listed in *Johnson* are as follows: (1) the time and labor required, (2) the novelty and difficulty of the legal questions, (3) the skill required to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee for similar work in the community, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorney, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874, 878 n. 9 (11th Cir.1990).

**6.** Fifth Circuit decisions issued before the close of business on October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Grant*, 908 F.2d at 878 n. 8 (11th Cir. 1990) (*citing Bonner v. City of Prichard*, 661 F.2d 1206, 1210 (11th Cir.1981)).